In re FUNDING BONDS OF 1941, SERIES A.

No. 30685.   Dec. 1, 1941.

*119 P. 2d 558.*

[redacted]

Mac Q. Williamson, Atty. Gen., and Randell S. Cobb, First Asst. Atty. Gen., for the State.

PER CURIAM. This is an original proceeding brought in the Supreme Court through the Oklahoma Funding Bond Commission, pursuant to the provisions of chapter 1b, title 62, Oklahoma Session Laws 1941, page 268 (Senate Bill No. 230, enacted by the Eighteenth Legislature of the State of Oklahoma), for the purpose of funding certain outstanding and unpaid state warrants issued against the general revenues of the State of Oklahoma for the fiscal years ending June 30, 1940, and June 30, 1941, aggregating with interest thereon to December 15, 1941, the sum of $17,226,054.68. It is made to appear from the application and evidence submitted in support thereof that it is the purpose of the Oklahoma Funding Bond Commission to fund said state warrant indebtedness by the issuance of negotiable coupon bonds of the State of Oklahoma, designated "Funding Bonds of 1941, Series A," in the sum of $17,226,054.68, dated December 15, 1941, and maturing $1,150,000 on June 30th of each of the years 1942 to 1955, inclusive, and $1,126,054.68 on June 30, 1956. Said bonds are to be issued in exchange for the simultaneous surrender, payment, and cancellation of said warrants on a par for par basis plus interest on the warrants to the date of said funding bonds, December 15, 1941.

Chapter 1b, title 62, Oklahoma Session Laws 1941, page 268, is similar to the act considered by this court in the case of In re State Funding Bonds of 1939, Series A, 185 Okla. 10, 90 P. 2d 19, and that case is determinative of a number of the questions in this proceeding. Section 4 of the present act conferred original jurisdiction upon the Supreme Court to hear and determine this application to fund. This was within the power conferred upon the Legislature by section 2, art. 7, Oklahoma Constitution. El Reno Wholesale Grocery Co. v. Taylor, County Treas., 87 Okla. 140, 209 P. 749.

The application of the state to fund was filed in the office of the Clerk of the Supreme Court on the 19th day of November, 1941. Notice was published in a legal newspaper having a general circulation throughout the State of Oklahoma, the Daily Oklahoman, for ten consecutive days, the first publication being on November 21, 1941, and the last publication being on November 30, 1941. The notice stated that the application would be presented to the Supreme Court on the 1st day of December, 1941, at 9 o'clock a. m., to approve $17,226,054.68 of bonds to fund

and pay a like amount of warrant indebtedness of the State of Oklahoma, and that any and all persons interested might file a protest against the issuance of the bonds and be present at said hearing and contest the issuance of said funding bonds or any part thereof. This notice was sufficient to put any person interested upon inquiry. We, therefore, find and determine that the notice which was published is a sufficient and legal notice; that the same was published and given in conformity to the provisions of section 4 of said act, and that the same constitutes due and proper notice of this proceeding. In re State Funding Bonds of 1939, Series A, 185 Okla. 10, 90 P. 2d 19.

On the 1st day of December, 1941, at 9 o'clock a. m., the Attorney General appeared before the Supreme Court and presented the application, and the matter was referred to a justice of the court for the taking of testimony. No protest was filed against the issuance of the bonds or any part thereof and no one appeared to contest the issuance of the bonds or any part thereof. The applicant, the State of Oklahoma, through the Attorney General, submitted testimony in proof of the existence, validity, and amount of the state warrants sought to be funded and requested the court to approve the $17,226,054.68 of the State of Oklahoma "Funding Bonds of 1941, Series A," dated December 15, 1941.

Chapter 1b involves many details, but the fact that an act involves many details does not offend the requirement that each act shall embrace but one subject, if all the details relate to the same general subject. C. C. Julian Oil & Royalties Co. v. Capshaw, 145 Okla. 237, 292 P. 841. The act under consideration embraces but one general subject which is expressed in its title, the funding of certain state indebtedness, and therefore does not violate section 57, art. 5, Oklahoma Constitution.

The warrants proposed to be funded, approximately 100,000 in number, were introduced in evidence and are prima facie valid. City of Sulphur v. State, 62 Okla. 312, 162 P. 744; Hamilton Twp.

of Okmulgee County v. Underwood, 81 Okla. 256, 198 P. 300; Excise Bd. of Creek County v. Gulf Pipe Line Co., 156 Okla. 103, 9 P. 2d 460; In re Funding Bonds of 1935, Series A, 173 Okla. 622, 50 P. 2d 221. The evidence submitted also disclosed that said warrants were drawn against the general revenues of the state for the fiscal years ending June 30, 1940, and June 30, 1941; that said warrants were drawn by the State Auditor on claims against the State of Oklahoma which were audited and allowed by the State Auditor; that the warrants were within the amounts of valid appropriations against which they were drawn and were for the purposes for which said appropriations were made; that the warrants had been registered as nonpayable by the State Treasurer because there were no funds on hand in the State Treasury to pay the same; that none of said warrants has been paid, but all are outstanding unpaid obligations of the State of Oklahoma, and that there are no moneys on hand in the State Treasury to pay the same; that said warrants were drawn against the appropriations made by law for the fiscal years ending June 30, 1940, and June 30, 1941, as set forth in the Session Laws of Oklahoma of 1939 and 1941 and the Statutes of Oklahoma; that all of said warrants were issued to pay obligations of the State of Oklahoma which were incurred prior to July 1, 1941; that said warrants aggregate the principal sum of $16,534,904.08, and with interest at the rate of 4 per cent from the date of their registration as nonpayable to December 15, 1941, the total sum of $17,226,054.68. We, therefore, find and determine the said legal warrant indebtedness of the State of Oklahoma to exist in the total sum of $17,226,054.68 as of December 15, 1941, and that said warrants are valid and existing obligations of the State of Oklahoma subject to being funded in accordance with the provisions of Senate Bill No. 230 of the Eighteenth Legislature, chapter 1b, title 62, Oklahoma Session Laws 1941, page 268.

The resolutions adopted by the Oklahoma Funding Bond Commission au-

thorizing the issuance of said bonds and prescribing their form and fixing the other details of their issuance were introduced in evidence. Said bonds are dated December 15, 1941, and mature $1,150,000 on June 30, 1942, to 1955, both inclusive, and $1,126,054.68 on June 30, 1956. The bonds are numbered from 1 to 17227, and are of denomination of $1,000 each except bond No. 17227 is for $54.68. The bonds bear interest evidenced by coupons attached to the bonds which mature semiannually on the 15th day of June and December of each year except the last coupon on each bond matures on the date the bond matures to which it is attached and is for six and one-half months' interest. The bonds maturing in the years 1942 to 1945, inclusive, bear interest at the rate of 1¼ per cent per annum; the bonds maturing in the years 1946 to 1949, inclusive, bear interest at the rate of 1½ per cent per annum; the bonds maturing in the years 1950 to 1953, inclusive, bear interest at the rate of 1¾ per cent per annum; and the bonds maturing in the years 1954 to 1956, inclusive, bear interest at the rate of 2 per cent per annum. The bonds are designated "Funding Bonds of 1941, Series A." The bonds recite that they are to be paid, principal and interest, as provided in section 9 of chapter 1b, supra; that they are issued under authority of said act of the Legislature, and that the full faith, credit, and resources of the state are pledged to the payment of the principal and interest of said bonds. The bonds and coupons are being executed by the lithographed facsimile signatures of the Governor and Secretary of State, and the bonds will be countersigned personally by the State Treasurer. The seal of the state will be affixed to the face of the bonds. We, therefore, find that said bonds mature as provided in chapter 1b, supra, and that said bonds and coupons have been authorized and prepared in accordance with its provisions.

In the case of In re State Funding Bonds of 1939, Series A, 185 Okla. 10, 90 P. 2d 19, this court said:

"Bonds which are issued to fund valid indebtedness of the state neither create any debt nor increase the debt of the state. In re Menefee, State Treasurer, 22 Okla. 365, 97 P. 1014; In re Application of State to Issue Bonds, 33 Okla. 797, 217 P. 1065; Id., 40 Okla. 145, 136 P. 1104; In re State Funding Bonds of 1935, Series A, 173 Okla. 622, 50 P. 2d 221; and In re State Funding Bonds of 1935, Series B, 173 Okla. 626, 50 P. 2d 226. Whatever construction might be placed upon the above constitutional provision (sec. 23, art. 10, Okla. Const.) if its interpretation were before us for the first time, we are not willing to depart from the construction placed thereon, and necessarily relied on, in the long-standing opinions of this court above cited. Under the rule of stare decisis, we follow them."

Since the above decision, section 23 of article 10, Oklahoma Constitution, has been amended by vote of the people on March 11, 1941. The amendment concludes with the proviso:

"Provided, that the Legislature may fund or refund the state debt arising prior to July 1, 1941."

The Assistant State Auditor testified that all of the warrants being funded in this proceeding were issued to pay obligations of the State of Oklahoma which were incurred prior to July 1, 1941, and therefore we find that their funding is authorized.

Chapter 1b, under which the bonds under consideration are being issued, does not violate sections 3 and 4 of article 10, Oklahoma Constitution. In re State Funding Bonds of 1935, Series A, 173 Okla. 622, 50 P. 2d 221.

Provision is made for the payment of the principal and interest of the bonds in section 9 of Senate Bill No. 230, supra. This section is very similar to section 9 of Senate Bill No. 239 of the Seventeenth Legislature (article 5, ch. 27, Oklahoma Session Laws 1939, page 128) construed in the case of In re State Funding Bonds of 1939, Series A, 185 Okla. 10, 90 P. 2d 19. We find and determine that the State of Oklahoma "Funding Bonds of 1941, Series A," are

payable in the manner and from the revenues provided in chapter 1b, title 62, Oklahoma Session Laws 1941, page 268, and that the provisions of section 9 of said act constitute a valid pledge of the revenues of the state therein referred to, for the payment of the principal and interest of said bonds.

The question of the right of the Legislature to repeal or modify the provisions of said act is not before us in this proceeding. But no act of the state, through the Legislature, or otherwise, can take away the binding obligation of the state to provide revenues out of which said bonds may be paid. See In re Funding Bonds of 1935, Series A, supra.

No provision of the Constitution is violated by the Legislature pledging the full faith, credit, and resources of the state to payment of an obligation which the state is legally bound to pay. In re State Funding Bonds of 1939, Series A, supra.

Senate Bill No. 230 provides in section 5 thereof that the final decision of the court shall be a judicial determination of the validity of the funding bonds approved and shall be conclusive as to the state, its officers, agents and the public generally; that when the decision of the court approving the bonds has become final, the Chief Justice shall sign each bond approved, and that thereafter the bonds approved shall be incontestable in any court in the State of Oklahoma, and the bonds shall so state on their face. The bonds under consideration in this case contain that statement on their face.

The prayer of the state's application is granted, and it is the judgment of the court that the State of Oklahoma "Funding Bonds of 1941, Series A," dated December 15, 1941, in the total sum of $17,226,054.68, be and the same are approved, and when this decision has become final, said bonds shall be signed by the Chief Justice of this court.

Pursuant to the provisions of section 5 of Senate Bill No. 230, the time within which a petition for rehearing may be filed in this cause is limited, and the time for filing a petition for rehearing shall expire at 10 o'clock a. m., on the 4th day of December, 1941.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY and DAVISON, JJ., absent.