In re APPLICATION of BOARD OF REGENTS OF UNIVERSITY OF OKLAHOMA

No. 32286. August 21, 1945.

*161 P. 2d 447.*

Randell S. Cobb, Atty. Gen., and S. H. King, Asst. Atty. Gen., for applicant, Board of Regents of the University of Oklahoma, acting for and in behalf of the University of Oklahoma.

GIBSON, C.J., This is an original proceeding brought in the Supreme Court by the Board of Regents of the University of Oklahoma, acting for and in behalf of the University of Oklahoma, pursuant to the provisions of Senate Bill No. 41, enacted by the Twentieth Legislature of the State of Oklahoma, approved by the Governor March 2, 1945, for the purpose of obtaining the approval by this court of $275,000 apartment dormitory bonds of 1945, bearing serial numbers 1 to 275, inclusive, the proceeds of which are to be used in construction and equipping dormitories for use by students upon payment of rentals, fees, and charges prescribed by said board in an amount sufficient to pay the maintenance and operating cost of such buildings, the interest and principal on said bonds as they may mature, and for the creation of a fund in the State Treasury to be pledged for the payment of said bonds, and other appropriate provisions.

All of the $275,000 of bonds were sold at an advertised sale, held on June 26, 1945, to the bidder bidding the lowest rate of interest the bonds shall bear and agreeing to pay par and accrued interest.

The application herein was filed with the clerk of this court on August 8, 1945, and notice that same would be presented in open court on August 21, 1945, was given by publication. And it appearing that no protest against the hearing of said application or against the granting of the relief therein sought has been filed, and no one appearing in opposition thereto, the court heard and determined the matter upon said application, proof of notice of hearing, certified transcript of the proceedings had by said Board of Regents, and upon said Senate Bill No. 41 relied on as authority for such bond issue, and which .by its terms confers upon the Supreme Court exclusive original jurisdiction to hear the same.

On consideration whereof, the court finds that due notice of the hearing of this cause was given and that the proceedings taken by said Board of Regents to accomplish the issuance of said bonds are in accordance with the provisions prescribed in said Senate Bill No. 41. The court further finds and holds that said Senate Bill No. 41, as authority for the issuance of such bonds, is neither contrary to nor in derogation of the constitutional limitations placed upon legislative authority.

Our conclusion is based upon an application here of the principles announced and applied in the recent case of State ex rel. Kerr, Governor, v. Grand River Dam Authority, 195 Okla. 8, 154 P. 2d 946, wherein we held the authority of the defendant there to issue bonds under prior legislative authority was not impaired by section 23, art. 10, Constitution, amended at a special election held March 11, 1941. The basis of the holding there was that the inhibition of· said amendment "applies solely to such debt, obligation, or deficit for the payment of which resort, but for such amendment, might properly be had to the taxing power of the state."

There is no material distinction between that case and the instant one. In the Grand River Dam Authority case we held that said Authority by reason of its character as a self-sustaining agency could not incur bond indebtedness for payment of which resort could be had to the taxing power of the state. In the instant case the indebtedness involved occupies no different status in

such respect, for by reason of the restriction contained in Senate Bill No. 41, the authority for its creation, such indebtedness cannot involve said taxing power. Such restriction is found in the following provision thereof:

"That the bonds issued hereunder shall not be an indebtedness of the State of Oklahoma or of the institution for which they are issued or the Board of Regents thereof, but shall be special obligations payable solely from the revenues to be derived from the operation of the building, and the board is authorized and directed to pledge all or any part of such revenues to the payment of principal of and interest on the bonds."

And the effect of such restriction is made obvious to holders of such bonds by the incorporation therein of the following provision:

"It is hereby certified and recited that this bond is not and shall not become an obligation of the State of Oklahoma."

Premises considered, the court, being of the opinion that said bonds will constitute valid obligations in accordance with their terms, hereby approves the same.

It is further requested in said application that this court consider the authority of the Board of Regents to prescribe the order of priority of payments of the funds arising from the use of such dormitories.

We find that the Board of Regents has provided in what order of priority such funds shall be expended and that the power to do so is within the powers granted to it by the terms of said act. The bonds themselves also contain a recitation as to the order of priority of payment of such funds which conforms to the order of payment prescribed by the Board of Regents. Such recitation is a part of the obligation.

It is further ordered that the time within which petition for rehearing may be filed herein will expire on the 27th day of August, 1945.

HURST, V.C.J., and OSBORN, BAYLESS, and DAVISON, JJ., concur.