Application of SEWER IMPROVEMENT DIST. No. 1, TULSA COUNTY.

No. 34464. March 14, 1950.

*216 P. 2d 303.*

John B. Durfee, of Tulsa, and Solon W. Smith and George J. Fagin, both of Oklahoma City, for Sewer Improvement District No. 1, Tulsa County, Oklahoma.

John R. Woodard, H. L. Smith, and Remington Rogers, all of Tulsa, for protestants.

Le Moyne Stroud, of Tulsa, for other protestants.

WELCH, J. The Board of Directors of Sewer Improvement District No. 1 of Tulsa county, in connection with the issuance of bonds in the sum of $746,500, filed application in this court for approval of the bond issue and for a judicial determination of the incontestable validity of the bonds and the revenues pledged to their payment.

Several resident landowners of the sewer district filed protest and motion to dismiss the application.

Any such bonds issued are payable by assessments against individual parcels of land situated in the original district and in a large area of additional territory purportedly annexed to the original district. Session Laws 1947, pages 224, 225 and 226. 19 Okla. Statutes Anno. §§886-891.

The Board of Directors seek action of this court pursuant to provisions of sec. 11, Sess. Laws 1949, page 186, 19 Okla. Stats. Anno. §896. That section authorizes the Board in its discretion to file application for this court's approval of bonds which it is issuing. And the Board of Directors points out that it gave 10 days' publication notice and that no other service of process or further notice is required.

Protestants urge their desire in good faith to present legal attacks on the bond issue, and also to attack the purported extension of the sewer district, or purported annexation of large areas of territory thereto. And protestants urge their right to present these issues, which they say are complicated and important, in an orderly trial in the local trial court, where all parties may have their proper day in court and with all due process.

Protestants point out that the ten days' notice as published one time, is not sufficient to constitute due process of law and if a decision in this court would adjudge incontestable validity to the bonds and the revenues pledged to their payment, that said determination here would constitute a taking of property without due process. And protestants urge that if this court takes and exercises exclusive jurisdiction, protesting landowners would be deprived of their proper day in court in a local forum of general jurisdiction. (Protesting resident landowners have instituted such an action in the district court of Tulsa county, Oklahoma, and if this court has and exercises original

jurisdiction such action in the district court could not proceed.)

The Board of Directors by resolution have issued and sold the bonds in question or authorized the issuance and sale of the bonds to a named purchaser. And it is pointed out that a large majority of the resident voters of the district voted for such bonds, and action in this court is urged in the interest of speedy closing of the sale of the bonds.

The statute, 19 Okla. Stat. Anno. §896, purports to confer original trial jurisdiction in this court, but we are impressed with the contention that we should dismiss the proceedings. The Constitution, art. VII, sec. 2, provides that this court may exercise original jurisdiction in any instance provided by law. The Constitution authorizes but does not require this court to exercise original trial jurisdiction in cases which may be tried in local trial courts of general jurisdiction. This court ought not to exercise such original jurisdiction when it appears that such action would result in transferring the trial of important issues from the local court of general jurisdiction to this court, which issues, by reason of the nature thereof, should be heard and determined in the local forum, and could be there tried with more convenience to the parties, and generally with more dispatch.

This court should not seek occasion to draw original trial jurisdiction here, away from the proper trial court. The opposite should be the fixed policy. The application of such a policy, in cases like this, where it appears so right and proper, will better preserve the constitutional functions of both courts. And what is more important, will better preserve to all citizens their constitutional rights in responding to process and in judicially testing their rights and contentions in matters of importance.

If the bonds are valid, and applicable to all the territory involved, speedy determination thereof may be had in the litigation pending in the district court of Tulsa county, and thereafter, if occasion therefor arises, the assessments made against the property of resident landowners may be tested, all without any incontestable validity in advance in this court, and in that manner any such landowner may have his full day in court and suffer no detriment without due process of law.

Those appearing in behalf of the Board's application refer to cases in which this court has approved certain bond issues. University of Oklahoma Bond case, 195 Okla. 641, 161 P. 2d 447; Oklahoma A. & M. Bond case, 196 Okla. 622, 167 P. 2d 883; University of Oklahoma Bond case, 200 Okla. 442, 195 P. 2d 936, and Bonds of Planning and Resources Board, 201 Okla. 178, 203 P. 2d 415. But those applications involved state revenue bonds, not local bond issues, and the court could and did approve such bonds, and the revenues pledged for their retirement, without creating any lien or liability of lien upon the property of any person, and there was not involved in either of those cases any question of interfering with individual or private property or property rights without due process of law, and no such question was there determined or presented in any manner.

Those interested in the approval of these bonds also call attention to the action of this court in approving bonds of Oklahoma County Sewer Improvement District No. 3, 202 Okla. 64, 210 P. 2d 368. We have considered that opinion and do not find therein any authority against the action which we conclude we should take in this case, that is, dismissal of the application. In that case there was no protest or objection in any manner to the approval of the bonds. There is nothing in that decision to indicate that it could or might have deprived any interested per-

son of any right whatever which he desired to assert in a local forum of general jurisdiction, or of any right he desired to have considered by any court. Furthermore, no objection was there made to this court's exercise of original jurisdiction. And there was nothing to indicate the existence there of any of the special issues which are here urged. Therefore the questions here considered were in no manner suggested or passed upon in that decision.

We note the contention that section 896, supra, has some unconstitutional features, and we observe the arguments for and against the contention, but we deem it unnecessary to discuss that in further detail. We rest our decision to dismiss this proceeding on the reasons and conclusions above set forth.

For the reasons stated, and upon the protest and motion above referred to, we deem it our duty to dismiss this application in the interest of the protection of the constitutional rights of the protestants who appeared and presented their rights to have a proper day in court in their local forum of general jurisdiction and to have complete adjudication there of their contentions without any question of lack of due process of law.

Dismissed.

DAVISON, C.J., ARNOLD, V.C.J., and GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.

GIBSON, J. (concurring). I am of the opinion that jurisdiction was not conferred upon this court by the Act because the situation is not one in which the Legislature has the power to grant the jurisdiction. El Reno Wholesale Grocery Co. v. Taylor, Co. Treas., 87 Okla. 140, 209 P. 749.

Furthermore, even if the Legislature could grant such jurisdiction it could not do so to the exclusion of the jurisdiction existing in the district court under constitutional grant, 15 C. J. 1130,

§576 et seq.; State v. Jones, 15 Ariz. 215, 137 P. 544, and therefore the jurisdiction would be concurrent only.

Also, the approval of the bonds necessarily involves a determination of issues concerning the formation of the district, etc., which involve the matter of due process (Myles Salt Co. Ltd., v. Board of Commissioners of the Iberia & St. Mary Drainage District et al., 239 U. S. 478, 485, 60 L. Ed. 392, 396, L. R. A. 1918E, 190, 36 S. Ct. 204). I do not think there was due process.

That there are issues herein involving the integrity of the district as enlarged, as well as other matters, which must be disposed of before the bond issue can be approved, appears upon the face of the proceedings herein. There can be no sufficient reason why this court, even if we have jurisdiction, should entertain jurisdiction to the exclusion of the district court where the trial of such issues properly belongs under the policy of the law.