OKLAHOMA TURNPIKE AUTHORITY et al. v. DISTRICT COURT OF LINCOLN COUNTY et al.

No. 34660. May 24, 1950.

Rehearing Denied June 20, 1950.

Second Rehearing Denied July 21, 1950.

*222 P. 2d 514.*

Leon Shipp, of Oklahoma City, for petitioners.

M. A. Cox, P. D. Erwin, and Donald E. Powers, all of Chandler, and Lawrence Jones, of Bristow, for respondents.

LUTTRELL, J. This is an application by the Oklahoma Turnpike Authority and the members thereof to this court, requesting the court to assume original jurisdiction, and to issue a writ of prohibition directed to the district court of Lincoln county, prohibiting it from proceeding further in an action pending to enjoin petitioners from proceeding with the issuance and sale of bonds for the purpose of constructing a highway or turnpike between the cities of Oklahoma City and Tulsa pursuant to authority granted by S. L. 1947, p. 478, 69 O. S. 1947 Supp. ch. 6, §651 et seq., as amended by Title 69, ch 6, S. L. 1949, p. 513.

From the record and briefs filed in this court, it appears that the Turnpike Authority advertised for bids on the bonds, which it was authorized to issue by the terms of the act creating it, said advertisement being published on April 20, and April 27, 1950, calling for bids on said bonds at the offices of the Governor in Oklahoma City on May 2, 1950, and that on April 27, 1950, the board of county commissioners of Lincoln county, the board of education of the city of Chandler, and various individual plaintiffs, residents of Creek and Lincoln counties, filed in the district court of Lincoln county an action seeking to enjoin the Turnpike Authority and the members thereof from offering for sale or selling the bonds authorized by the act, and from taking any procedure or performing any act whatsoever in an effort to sell the bonds, or to build or construct the turnpike authorized by the act, and from performing any other act under the statute providing for the organization of the Turnpike Authority, and the construction of the turnpike. The district court of Lincoln county, upon the filing of this petition on April 27, 1950, issued a temporary restraining order as prayed for, and set the matter down on the application for temporary injunction on May 29, 1950.

Petitioners herein filed in the district court a motion to vacate the restraining order so granted, which motion was by the district court denied, and thereupon this proceeding was commenced in this court. On May 1, 1950, after a hearing, this court, in the exercise of its supervisory power, or superintending control, issued an order modifying the restraining order issued by the district court to the extent that petitioner might proceed with the opening of bids and the sale of the bonds, and bids for the bonds were accepted by the Turnpike Authority subject to the approval of the validity of the bonds by this court on or before August 15, 1950.

Both petitioners and respondent have filed briefs in this court and oral argument on behalf of petitioners and respondent has been heard.

The petition filed by the plaintiffs in the district court of Lincoln county attacks the constitutionality of the act creating the Turnpike Authority and authorizing the issuance of bonds and the construction of the turnpike, setting forth numerous alleged reasons why the act is unconstitutional. The petition also sets up various claimed injuries which will result to Creek and Lincoln

counties, the board of education of the city of Chandler, and the residents of said counties, which will, they say, inevitably result from the construction of the turnpike or toll road. Petitioners herein contend that the constitutional questions raised, and the sufficiency of the statutory authority under which the Turnpike Authority was organized and the bonds are to be issued and the turnpike constructed, must necessarily be passed upon by this court upon the application for approval of the bonds which the Authority will file in this court under its agreement with the bidders on the bonds, and that the continuance of the present action in the district court, in which the same questions are presented, will result in a conflict of jurisdiction between that court and this court, since it will necessitate the presenting of the same questions to this court in two actions or proceedings.

We are inclined to agree with this contention. Obviously, in approving the bonds this court must consider and pass upon their validity, which necessitates a consideration of the constitutionality of the acts under which they will operate, and the sufficiency of the authority conferred upon them by said acts to construct and operate the turnpike or toll road, and this consideration would involve the same questions now being raised by the plaintiffs in the action in the district court as to the constitutionality of the acts and the sufficiency of the statutory authority for the construction and operation of the turnpike. Respondent urges that no emergency exists. But we think that the commitment of the Authority to obtain the final approval on the bonds by this court on or before August 15, 1950, and the fact that the 1949 act, supra, provides that actual construction of the road must start within two years from May 31, 1949, sufficiently shows that the limited time for the performance of these acts presents an emergency which justifies this court in assuming jurisdiction.

Respondent also contends that the jurisdiction of this court to approve the bonds is not exclusive and that the court should not deprive the district court of jurisdiction, citing El Reno Wholesale Grocery Co. v. Taylor, 87 Okla. 140, 209 P. 749, and our recent decision, In re Application of Sewer Improvement District No. 1 of Tulsa County, 202 Okla. 528, 216 P. 2d 303. In the latter case we pointed out that while the statute conferred original jurisdiction in this court, the Constitution, art. 7, sec. 2, authorized but did not require this court to exercise original jurisdiction in all cases where such jurisdiction was conferred by statute, and we there said that this court ought not to exercise original jurisdiction when it appears that such action would result in transferring the trial of important issues from the local court of general jurisdiction to this court, which issues, by reason of the nature thereof, could be heard and determined in the local court with more convenience to the parties and with more dispatch.

In the instant case, as pointed out above, there is an emergency which requires that the issues presented in the case in the district court be heard and determined with dispatch, and such issues can be more speedily determined by this court upon an application for the approval of the bonds than by a hearing and determination in the district court, and an appeal therefrom to this court. The jurisdiction to pass upon the validity of the bonds, if assumed by this court, must necessarily be exclusive, since the determination of that question in this court would be binding upon the lower courts, and would therefore preclude an attack therein upon the constitutionality of the act or the sufficiency of the statutory authority to the Turnpike Authority to sell the bonds and construct the turnpike. To hold otherwise might present the anomalous condition of an approval of the bonds by this court, and a holding that the act was constitutional

and sufficient to authorize the building of the turnpike, and a judgment of the district court of Lincoln county to the contrary. Necessarily, upon appeal from such judgment to this court, this court would be forced to re-examine and pass upon the same questions presented to it and passed upon by it in the proceeding for approval of the bonds. We think the probability of such an anomalous situation would result in a conflict of jurisdiction between the two courts, and that we are therefore justified in assuming original jurisdiction to prevent such a situation from arising.

Respondent also contends that the provision in the turnpike act for the approval of the bonds by this court attempts to delegate to this court administrative functions formerly performed by the Attorney General, and that it places upon this court an unnecessary burden which in effect usurps its right to handle its business in a proper manner, citing cases such as Sterling Refining Co. v. Walker, 165 Okla. 45, 25 P. 2d 312, and Jarman v. Mason, 102 Okla. 278, 229 P. 459, in which this court, for the reasons therein given, refused to assume original jurisdiction. We are unable to agree with this contention. The matter is one of public interest. Board of County Commissioners of Marshall Co. v. Shaw, 199 Okla. 66, 182 P. 2d 507. And in such case jurisdiction to hear and determine the questions presented is properly conferred. In re State Treasury Note Indebtedness, 185 Okla. 10, 90 P. 2d 19. We have exercised it on numerous occasions. In re State Treasury Note Indebtedness, supra; In re Application of Board of Regents, 195 Okla. 641, 161 P. 2d 447; In re Funding Bonds of 1941, Series A, 190 Okla. 8, 119 P. 2d 558; In re Application of Oklahoma Planning & Resources Board, 201 Okla. 178, 203 P. 2d 415.

Respondent further contends that the notice for the hearing of application for approval of the bonds provided in the act fails to meet the requirements for due process of law, in that it permits the publication of such notice in any legal newspaper in any one of the 77 counties of the state. The act provides that notice shall be published in a newspaper "of general circulation in the state", and we are not justified in assuming that the Authority will not comply with this requirement. In Re Funding Bonds of 1941, Series A, supra, we held such notice sufficient and legal, and said that it constituted due and proper notice of such proceedings. To the same effect is In re State Treasury Note Indebtedness, supra.

We therefore hold that this court has jurisdiction to consider all the questions raised by the plaintiffs in the action in the district court of Lincoln county, in so far as they concern the constitutionality of the law, and the sufficiency of the law to authorize petitioners herein to sell the bonds and construct the turnpike; that these questions may be determined by this court upon application for approval of the bonds; that the notice provided by the law is sufficient to meet the requirements of due process so far as the plaintiffs in the action in the district court are concerned; that an emergency exists which justifies this court in assuming original jurisdiction in the matter, and that the district court of Lincoln county should be prohibited from further proceedings in the cause now pending before it.

Writ granted.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., dissents.

GIBSON, J. (dissenting). I am of opinion that, under the present state of the record, the writ should be denied because this court is without lawful authority to grant it.

In the majority opinion the jurisdiction of the district court of Lincoln county to entertain the action there pending is not questioned. It is the exercise of jurisdiction therein that is enjoined by the writ. And the reason

given for the issuance of the writ is that the exercise of jurisdiction therein will conflict with the jurisdiction of this court to determine the validity of the bonds of the Oklahoma Turnpike Authority. The source of this court's jurisdiction thereon is Tit. 69 O. S. Supp. §668, of which the pertinent part is as follows:

"The Authority is authorized in its discretion to file an application with the Supreme Court of Oklahoma for the approval of any bonds to be issued hereunder, and exclusive original jurisdiction is hereby conferred upon the Supreme Court to hear and determine each such application."

Under the terms thereof this court's jurisdiction of the subject matter could not obtain until such application for approval has been filed.

The exercise of jurisdiction by the district court could not conflict with the jurisdiction of this court until it obtains and in the absence of its existence there can be no authority for issuing such writ.

As stated in the majority opinion, this court, in the exercise of its superintending control, modified the restraining order, awarded by the district court, in order to enable the Authority to proceed with the matter of opening bids and the sale of the bonds. Under the same authority this court could, if deemed necessary, further modify such restraining order to enable the plaintiffs, at their election, to file in this court an application under authority of said section 668. But until such application has been filed, this court, for reasons stated, is without authority to disturb the exercise of jurisdiction by the said district court. Whether, with the filing of such application, this court is endowed with jurisdiction as declared in said Act, and, if so, whether the circumstances are such as to justify the issuance of the writ, are, in my opinion, moot until the application has been filed here and jurisdiction sought to be exercised thereon.

If and when the Turnpike Authority seeks approval of its bonds by this court, we can then determine whether we will stay further proceedings in the case pending in the district court or will permit that court to proceed with the trial of all of the questions of which it has jurisdiction, which are appropriately raised in the pending action. In my opinion, unless there be shown a greater emergency than now appears to exist, this court should not require the plaintiffs in the Lincoln county case to surrender their right to try their case in the district court of their county, constitutionally created for such purpose, and to assume the burden and expense of trying their case in a protest to the approval of the bonds filed in this court.

In cause No. 34579 in this court, the State of Oklahoma ex rel. Robert O. Cunningham v. Charles G. Morris, as the State Examiner and inspector of the State of Oklahoma, an order was entered on the 15th day of May, 1950, denying the application to assume original jurisdiction and try the application for mandamus, and the reasons for such denial were stated as follows:

"It appears that various issues of fact have arisen between the parties which are material, and that other material issues of fact will or may arise; that the trial court, to wit, the district court, is especially and specifically equipped to obtain the attendance of witnesses and to take and preserve evidence and determine fact questions; that this court has not been furnished with similar facilities; that in a case where the fact issues might be complicated or the evidence become voluminous this court should not assume the prerogative of the trial court; and that for the best interest of all parties this court should not assume original jurisdiction of the trial of this cause."

Those reasons apply in this case equally well. Immediately following that part of the Turnpike Act heretofore quoted is the following:

"It shall be the duty of the court to give such applications precedence over the other business of the court and to consider and pass upon the applications and any protests which may be filed thereto as speedily as possible."

The Legislature had no power to make such requirement and it is invalid (Atchison, T. & S. F. Ry. Co. v. Long, 122 Okla. 86, 251 P. 486) and furnishes no reason why this court should "convert itself from an appellate court of last resort into a nisi prius court, . . . and for weeks have its nine Justices sit en banc in examination of witnesses, and during all of said time hold in abeyance a thousand litigants with cases now before us on appeal to try the issues in this single case. . . ."