OKLAHOMA TURNPIKE AUTHORITY, a Body Corporate and Politic, Marvin Millard, Chairman, John Kilpatrick, Jr., Vice Chairman, W. E. Farha, Secretary-Treasurer, Henry Bellmon, Governor, Member ex officio, Albert Cherry, Sam K. Viersen and Elmer Graham, members Oklahoma Turnpike Authority, Plaintiffs,

v.

Donald E. POWERS, District Judge, Lincoln County, Oklahoma, and District Court of Lincoln County, State of Oklahoma, Defendants.

No. 42287.

Supreme Court of Oklahoma.

Dec. 6, 1966.

Douglas McKeever, Enid, for plaintiffs.

William N. Christian, Oklahoma City, for defendants.

DAVISON, Justice.

This is an original proceeding for a writ prohibiting Donald E. Powers, Judge of the District Court of Lincoln County, Okla-

homa, and the District Court of Lincoln County, from conducting further proceedings and from exercising further jurisdiction in cause numbered and styled 18942, C. C. Curry v. Oklahoma Turnpike Authority, et al, in said court. The alleged basis for the writ is that said Judge, defendant herein, is assuming to exercise judicial power not granted by law and that said Judge and court are attempting to exercise jurisdiction over a subject and matter of which the Supreme Court has exclusive jurisdiction.

The subject of the district court action concerns the proposed issuance and sale by the Oklahoma Turnpike Authority of the turnpike bonds that were approved by this court in Application of Oklahoma Turnpike Authority for the Approval of not Exceeding $190,000,000 Oklahoma Turnpike System Revenue Bonds, Okl., 416 P.2d 860, promulgated July 27, 1966. The bonds and the actions of the Authority in connection therewith were governed by 69 O.S. 1961, Sec. 651 et seq., with amendments. Our decision reveals that on May 5, 1966, the Authority duly adopted resolutions for issuance of the bonds for refunding of the bonds of three existing turnpikes and construction of two additional turnpikes, and for combining these turnpikes into one unit and project, and that the Authority determined they were feasible and economically sound as required by 69 O.S.Supp.1965, Secs. 655, 659.

In the above described district court action, filed November 30, 1966, the plaintiff therein bases his right to file such action on 69 O.S.Supp.1965, Sec. 655(d) and alleges that under the provisions of 69 O.S. Supp.1965, Secs. 659 and 669, the Authority was required to find it would be economical and beneficial to combine the turnpikes and to determine that refunding bonds be issued for the purpose of constructing improvements, extensions, or enlargements of the turnpike projects. It was further alleged that such finding and determination was of a quasi-judicial nature and required a hearing thereon and that any prior action by the Authority in this respect was stale and invalid by reason of changes of governmental and fiscal factors since the Authority's initial action. It was also alleged that the Authority and the members thereof intended to make such finding and determination on December 1, 1966, without the hearing contemplated and required by the statutes. The District Court Judge issued an alternative writ of mandamus directed to the Authority and the officers and members of the Authority (plaintiffs herein) commanding them to immediately conduct such a hearing and make such finding and determination prior to any refunding and issuance of new bonds.

The Authority and its officers and members (plaintiffs herein) contend the District Court of Lincoln County and the Judge thereof have no jurisdiction over them in respect to the claimed cause of action stated in the district court suit.

As stated, the plaintiff in the district court action relies upon 69 O.S.Supp.1965, Sec. 655(d) as authorizing him to maintain his suit in the District Court. That section provides generally that the Authority may sue and be sued in contract, reverse condemnation, equity, mandamus and similar actions in the county where the Authority's principal office is located, the county of plaintiff's residence, or the county where the cause of action arose, and that, "All privileges granted to the Authority and duties enjoined upon the Authority by the provisions of this Act may be enforced in a court of competent jurisdiction in an action in mandamus." It is our opinion that these provisions reflect an intent by the Legislature to waive, in an otherwise proper and valid action, the claim or contention by the Authority that it was immune from suit. Such statutory provisions must be considered in connection with other portions of the Turnpike Act to determine what limitations or restrictions the Legislature placed upon this general statute.

Title 69 O.S.1961, Sec. 668, provides in part that the Authority is authorized to file an application with the Supreme Court

"for the approval of any bonds to be issued hereunder, and exclusive original jurisdiction is hereby conferred upon the Supreme Court to hear and determine each such application," and that it shall be the duty of this Court to consider and pass upon the applications and any protests filed thereto, and that the decision of the court shall be a judicial determination of the validity of the bonds and thereafter the bonds so approved and the revenues pledged to their payment shall be incontestable in any court in the State of Oklahoma.

■ In Oklahoma Turnpike Authority v. District Court of Lincoln County, 203 Okl. 330, 222 P.2d 514, the suit in the district court to enjoin the issuance and sale of the turnpike bonds and questioning the validity of the bonds, was filed prior to the filing of an application in this court for approval of the Authority's proceedings in connection with the bonds. At that time (1950) the above quoted portion of Sec. 655(d), and the above narrated and quoted portions of Sec. 668, vesting exclusive original jurisdiction in this court, were likewise present in the statute. In the cited case we granted a writ of prohibition against the district court, stating:

"When the Legislature, acting pursuant to Article 7, section 2 of the Constitution confers upon this court exclusive original jurisdiction of a special matter not by a specific provision of law within the jurisdiction of any other court, then this court may prohibit a district court from proceeding in any cause which interferes with or impinges upon the original jurisdiction of this court as to such special matter."

■ It is our interpretation of the above statutes that the Legislature vested in this court the exclusive original jurisdiction to determine the validity of the Authority's proceedings and the bonds issued pursuant thereto.

We call attention to the following pertinent and controlling facts and circumstances. We have heretofore approved the proceedings and approved the bonds when issued in accordance with our decision in 416 P.2d 860, supra. In that decision the proposition of the power and discretion of the Turnpike Authority to issue the bonds and combine the named turnpikes and those to be constructed into a single unit, and to determine and find that such action was feasible and economically sound, was thoroughly discussed and, over objection of the protestants therein, was determined by this court in favor of the Authority. The Legislature by its enactment, supra, vested this court with jurisdiction over such matter. The Legislature limited the interest rate on the bonds to five percent as specifically provided in 69 O.S.Supp.1965, Sec. 659, and the Authority is bound to observe this stattory provision.

■ The legislature, unless prohibited by Constitution, has right to declare fiscal policy, and question as to wisdom of policy is not within scope of Supreme Court's review.

We further call attention to that portion of said Section 659, which states:

"* * * Bonds may be issued under provisions of this Act without obtaining the consent of any department, division, commission, board, bureau or agency of the State, and without any other proceedings or the happening of any other conditions or things than those proceedings, conditions, or things that are specifically required by this Act."

■ Title 69 O.S.1961, Sec. 653, constitutes the Authority an instrumentality of the State and the exercise of its conferred powers are deemed to be an essential governmental function. Generally, public officials will be presumed to have properly performed their duties and not to have acted illegally. Ballinger v. Sarkeys, Okl., 360 P.2d 515.

It is our conclusion that the defendants herein have no jurisdiction over the subject matter of the district court action and that jurisdiction thereof is vested in the Supreme Court.

Our conclusion removes any necessity for discussion of any other proposition.

The alternative writ of mandamus issued out of the District Court of Lincoln County is vacated and the Writ is hereby granted prohibiting the defendants herein from proceeding further in said cause.