WORKMEN'S COMPENSATION
The Oklahoma Turnpike Authority is not the "State" nor one of the "departments thereof", and hence does not come within the purview of the provisions of 85 O.S. 49 [85-49], (1971), requiring the "State and all departments thereof" to insure against their liability for compensation with the State Insurance Fund. The Attorney General has considered your request for an opinion wherein you, in effect, ask the following question: Is the Oklahoma Turnpike Authority required to purchase Workmen's Compensation and Employers' Liability Insurance from the State Insurance Fund, as per 85 O.S. 149 [85-149] (1971)? The Oklahoma Turnpike Authority was created pursuant to 69 O.S. 1703 [69-1703] (1971), which states: "(a) There is hereby created a body corporate and politic to be known as the 'Oklahoma Turnpike Authority' and by that name the Authority may sue and be sued, and plead and be impleaded. The Authority is hereby constituted an instrumentality of the State, and the exercise by the Authority of the powers conferred by this Act in the construction, operation, and maintenance of turnpike projects shall be deemed and held to be an essential governmental function of the State with all the attributes thereof. Provided, however, the Turnpike Authority is authorized to carry and shall carry liability insurance to the same extent and in the same manner as the State Highway Commission, and in addition thereto it shall be subject to the Workmen's Compensation Laws of the State the same as a private construction project." (Emphasis added) Title 85 O.S. 149 [85-149] (1971), states in part: "The State and all departments thereof must insure against their liability or compensation with the State Insurance Fund and every municipal corporation within the State, including counties, cities, towns and townships may each insure against their liability for compensation with the State Insurance Fund, and may not insure with any other insurance carrier unless the State Insurance Fund refuses to accept the risk when the application for insurance is made, but any county, city, town or township may carry its own insurance; provided, such municipality shall have made an appropriation of funds to take care of such claims." (Emphasis added) The critical question presented is whether or not the Oklahoma Turnpike Authority is "a department of the State" of Oklahoma within the purview of 85 O.S. 149 [85-149] (1971). As previously stated, the Oklahoma Turnpike Authority, pursuant to 69 O.S. 1703 [69-1703] (1971), was created as a "body corporate and politic" and was constituted an "instrumentality of the State" to carry out an essential governmental function of the State with all the attributes thereof. Generally, the word "department" connotes a branch or division of governmental administration. Glendinning v. Curry, 14 So.2d 794 (1943). The Oklahoma Supreme Court in O.K. Construction Company v. Burwell,93 P.2d 1092 (1939), in deciding whether or not the State Insurance Fund was a "department of the State" stated: "It is observed that no legislative, judicial or governmental functions are authorized by the terms of the Act, but the powers granted are administrative in character and may be terminated at any time at the will of the Legislature. The powers and duties are exercised by elected and appointed state officers who perform said functions without added compensation. We are not here dealing with an independent corporate entity or a governmental agency created by law and vested with a measure of governmental power, but a mere department created for a fixed and limited purpose, over which the State, through its legislature and its officials retains absolute domination and control . . . ." (Emphasis added) The Oklahoma Supreme Court in Henry v. Oklahoma Turnpike Authority, 478 P.2d 898 (1970), stated: "In the case of Oklahoma Turnpike Authority v. Powers, District Judge, Okl., 421 P.2d 254, we said: " 'Title 69 O.S. 652 [69-652] (1961), constitutes the Authority an instrumentality of the State and the exercise of its conferred powers are deemed to be an essential governmental function.' " The Attorney General in Opinion No. 63-417, in considering whether or not the Grand River Dam Authority was the "state or department thereof within the meaning of 85 O.S. 14 [85-14]9", stated: "In the case of Grand-Hydro vs. Grand River Dam Authority, (1943)192 Okl. 693, 139 P.2d 798, it is stated that the Grand River Dam Authority was: " '. . . A corporate instrumentality of the state . . . .' "The Attorney General is, therefore, of the opinion that the Grand River Dam Authority is not the 'State' nor one of the 'departments thereof' . . . ." It is apparent that the Oklahoma Turnpike Authority is an instrumentality of the State exercising a governmental function and not a mere department or division of governmental administration. It is, therefore, the opinion of the Attorney General that your question be answered as follows. The Oklahoma Turnpike Authority is not the "State" nor one of the "departments thereof", and hence does not come within the purview of the provisions of 85 O.S. 149 [85-149] (1971), requiring the "State and all departments thereof" to insure against their liability for compensation with the State Insurance Fund. (DAVID K. McCURDY)