OKLAHOMA TURNPIKE AUTHORITY v. OLSEN
2022 OK 98
Case Number: 120683
Decided: 12/06/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 98, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

OKLAHOMA TURNPIKE AUTHORITY, Petitioner,
v.
HONORABLE TIMOTHY L. OLSEN, ASSIGNED DISTRICT JUDGE OF CLEVELAND COUNTY, OKLAHOMA, Respondent.

ORDER

Petitioner Oklahoma Turnpike Authority's Application to Assume Original Jurisdiction for Writ of Prohibition is denied as moot. Firefighters Pension v. City of Spencer, 2009 OK 73237 P.3d 125In the Matter of the Guardianship of Doornbos, 2006 OK 94151 P.3d 126

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE the 5th

/S/ACTING CHIEF JUSTICE

CONCUR: DARBY, C.J., KAUGER, EDMONDSON, GURICH, ROWE and KUEHN, JJ.

DISSENT: WINCHESTER, (by separate writing) and COMBS, JJ.

RECUSED: KANE, V.C.J.

 

 

Winchester, J., with whom Combs, J. joins, dissenting: 

¶1 The Real Parties in Interest filed an action in the Cleveland County District Court claiming the Oklahoma Turnpike Authority (OTA) violated the Oklahoma Open Meeting Act in seeking the approval of bonds for turnpike repair and expansion. The Cleveland County District Court granted relief in favor of the Real Parties in Interest. Clearly, the Real Parties in Interest have a right to be heard on their Open Meeting Act claims, but the legal issue brought in this original proceeding is whether the Cleveland County District Court has the authority to determine the Real Parties in Interest's claims or whether the claims are within the exclusive jurisdiction of the Oklahoma Supreme Court.

¶2 The Oklahoma Legislature has given the OTA the authority and duty to file an application with the Oklahoma Supreme Court for the approval of turnpike bonds. 69 O.S.2021, § 1718Id. And the Legislature gave this Court the conclusive authority to approve or disapprove the validity of the bonds. Id.

¶3 For over 70 years, this Court construed the Legislature's grant of jurisdiction as giving the Court sole authority to determine all questions of sufficiency of the law to authorize bonds and construct turnpikes. Okla. Tpk. Auth. v. Dist. Court of Lincoln Cty., 1950 OK 147222 P.2d 514Id. ¶ 6, 222 P.2d at 517. The Real Parties in Interest's claims directly impact these determinations that are within the exclusive jurisdiction of this Court as the relief sought in the district court is to prevent the OTA from using the bonds to construct the turnpike extensions.

¶4 The OTA invoked the Court's exclusive jurisdiction under § 1718 when it filed its application with this Court to validate the bonds for the turnpike expansion. And that exclusive jurisdiction makes any determination by this Court binding upon the lower court. To hold otherwise might present a conflict of jurisdictions, where this Court approves the bonds and the OTA's ability to proceed with its proposed turnpikes and the judgment by the district court bars the OTA from exercising the authority this Court authorized. See id. ¶ 8, 222 P.2d at 517. Even a potential conflict of jurisdiction between the two courts should be avoided. This Court should have assumed original jurisdiction to prevent such a conflict.

¶5 This Court gained exclusive jurisdiction to consider the questions raised by the Real Parties in Interest in the Cleveland County District Court when the OTA filed its application to validate the proposed bonds. The Real Parties in Interest's claims concern the sufficiency of the law to authorize the OTA to construct the turnpike expansion even though the claim arises under the Open Meetings Act. I would have therefore granted the writ of prohibition and ordered the Cleveland County District Court to transfer the Real Parties in Interest's petition to this Court to be treated as a protest in the pending bond validation case.