PIKE OFF OTA v. OKLAHOMA TURNPIKE AUTHORITY
2023 OK 57
Case Number: 121039
Decided: 05/23/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 57, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 
 

 

PIKE OFF OTA, INC., AMY CERATO, MIKE LEARY, VINCE DOUGHERTY, TERRIE CLUB, MIKE CLUB, TWYLA SMITH, CALI COWARD, KAREN POWELL, MIKE POWELL, CEDRIC LEBLANC, DARLA LEBLANC, CLAUDETTE WISPE, MARK DOOLING, NATE PIEL, KARA PIEL, NIKKI WHITSON, JOHN WHITSON, ROBERT WALLACE, CHELSEA WALLACE, ROBIN STEAD, ANNA OLSON, TASSIE HIRSCHFELD, ICE BLAST LLC, and JANETTE WARD, Plaintiffs/Appellants,
v.
OKLAHOMA TURNPIKE AUTHORITY, Defendant/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY
Honorable Timothy L. Olsen, Trial Judge

¶0 The appellants challenge the Oklahoma Turnpike Authority's authority to construct new turnpikes under the ACCESS Oklahoma Program. The Oklahoma Turnpike Authority moved to dismiss the appellants' claims, arguing that the claims are within the exclusive original jurisdiction of this Court. The district court granted the Oklahoma Turnpike Authority's motion to dismiss, and the appellants appealed. This Court retained the case. We hold that this Court has exclusive original jurisdiction to determine whether the Oklahoma Turnpike Authority is authorized to construct the proposed turnpikes in the bond validation matter. We further rule that the appellants failed to establish that they have a clear legal right to the injunctive and/or mandamus relief sought. The appellants' claim is also dependent upon the Court exercising its exclusive jurisdiction in the bond validation proceeding.

DISTRICT COURT'S JUDGMENT AFFIRMED.

Robert E. Norman, Cheek & Falcone, PLLC, Oklahoma City, Oklahoma, for Appellants.
Phillip G. Whaley and Grant M. Lucky, Ryan Whaley, Oklahoma City, Oklahoma, for Appellee.

Winchester, J. 
¶1 Appellants Pike Off OTA, Inc., Amy Cerato, Mike Leary, Vince Dougherty, Terrie Club, Mike Club, Twyla Smith, Cali Coward, Karen Powell, Mike Powell, Cedric Leblanc, Darla Leblanc, Claudette Wispe, Mark Dooling, Nate Piel, Kara Piel, Nikki Whitson, John Whitson, Robert Wallace, Chelsea Wallace, Robin Stead, Anna Olson, Tassie Hirschfeld, Ice Blast LLC, and Janette Ward (collectively Appellants) brought their claims in the Cleveland County District Court, challenging the Oklahoma Turnpike Authority's (OTA) authority to construct three proposed turnpikes: the Tri-City Connector, the East-West Connector, and the South Extension. The OTA moved to dismiss these claims, arguing that Appellants' claims are within the exclusive original jurisdiction of this Court. The district court granted the OTA's motion to dismiss, and Appellants appealed. This Court retained the case.
¶2 The issues before the Court are (1) the constitutionality of 69 O.S.2021, § 1718
¶3 For the reasons stated herein, we hold § 1718 is constitutional, as the Oklahoma Constitution specifically provides that appellate courts may exercise such jurisdiction as conferred by statute, and Appellants' claims challenging OTA's authority to construct the three proposed turnpikes fall within the exclusive jurisdiction of this Court. See Okla. Const. art. VII, § 4. We further rule that Appellants failed to establish that they have a clear legal right to the injunctive and/or mandamus relief sought. Instead, Appellants only vaguely pled duties that the OTA may violate at some point in the future. Further, Appellants' claim demanding that the OTA comply with some undefined laws or statutory duties is contingent upon whether this Court approves the OTA's proposed bond issue. Therefore, the claim is dependent upon the Court exercising its exclusive jurisdiction in the bond validation proceeding. The district court did not err in granting the OTA's motion to dismiss.
FACTS AND PROCEDURAL HISTORY
¶4 In early 2022, the OTA announced a set of proposed new turnpikes and other projects to improve current turnpikes and their infrastructure, titling the project ACCESS
¶5 The issues in this case involve the last two segments to connect and finalize the Loop (the Tri-City Connector and the East-West Connector) and the final segment of the South Extension. On May 2, 2022, Appellants filed their petition in the district court, claiming (1) the OTA lacks statutory authorization to construct the South Extension; (2) the OTA has exceeded its statutory authorization by seeking an additional bond issue to complete the Loop; and (3) even if legally authorized, how the OTA is attempting to build the turnpikes violates Oklahoma citizens' legal and due process rights under several state and federal laws.
¶6 On June 13, 2022, the OTA filed a Motion to Dismiss, arguing that pursuant to 69 O.S.2021, § 1718
¶7 On August 10, 2022, the OTA filed an original action requesting that this Court approve revenue bonds to finance the construction of the three proposed turnpike projects, update and repair turnpike facilities and infrastructure, refund prior revenue bonds and notes, and pay other costs. On September 9, 2022, Appellants filed a protest in the bond validation matter, arguing the OTA lacked statutory authority to issue additional bonds to finalize the Loop and lacked authority to construct the South Extension. On October 10, 2022, the Court entered an order assuming original jurisdiction.
¶8 On December 12, 2022, the district court sustained the OTA's Motion to Dismiss, holding Appellants' claims were virtually the same as those outlined in their protest filed in the Supreme Court bond validation matter and the Court has original and exclusive jurisdiction to hear Appellants' claims. Appellants appealed. This Court retained the appeal.
STANDARD OF REVIEW
¶9 The Court reviews a district court's grant of dismissal motions de novo. See, e.g., Farley v. City of Claremore, 2020 OK 30465 P.3d 1213de novo). At issue in this case is the constitutionality of 69 O.S.2021, § 1718de novo review. Lee v. Bueno, 2016 OK 97381 P.3d 736de novo review, "this Court possesses plenary, independent, and non-deferential authority to examine the issues presented." Id. ¶ 6, 381 P.3d at 740. When determining the constitutionality of a statute, "courts are guided by well-established principles, and a heavy burden is cast on those challenging a legislative enactment to show its unconstitutionality." Id. ¶ 7, 381 P.3d at 740. The party seeking a ruling that a statute is unconstitutional has the burden to show the statute is clearly, palpably, and plainly inconsistent with the Constitution. Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Tr., 2010 OK 48237 P.3d 181
ANALYSIS
I. The statute by which the Legislature conferred upon the Court exclusive original jurisdiction to determine the validity of proposed bonds to construct and operate turnpikes is constitutional. 
¶10 The Legislature conferred upon the Court "exclusive original jurisdiction" to determine the validity of proposed bonds to construct and operate turnpikes. 69 O.S.2021, § 1718. The Court's exclusive original jurisdiction entails:
The Authority is authorized in its discretion to file an application with the Supreme Court of Oklahoma for the approval of any bonds to be issued hereunder, and exclusive original jurisdiction is hereby conferred upon the Supreme Court to hear and determine each such application. . . . If the Court shall be satisfied that the bonds have been properly authorized in accordance with this article and that when issued, they will constitute valid obligations in accordance with their terms, the Court shall render its written opinion approving the bonds and shall fix the time within which a petition for rehearing may be filed. The decision of the Court shall be a judicial determination of the validity of the bonds, shall be conclusive as to the Authority, its officers and agents, and thereafter the bonds so approved and the revenues pledged to their payment shall be incontestable in any court in the State of Oklahoma.
Id. Appellants argue that 69 O.S.2021, § 1718
¶11 In support, Appellants point to Article VII, Section 7(a) of the Oklahoma Constitution, which states that "[t]he District Court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article." Okla. Const. art. VII, § 7.
¶12 Appellants, in making their argument, omit the portion of the sentence in Section 7(a), "except as otherwise provided in this Article." Id. (emphasis added). In other words, the district courts have jurisdiction except where Article VII of the Constitution limits it or confers it on another court. See Colton v. Huntleigh USA Corp., 2005 OK 46121 P.3d 1070State ex rel. Sw. Bell Tel. Co. v. Brown, 1974 OK 19519 P.2d 491
¶13 In Article VII, Section 4, the Oklahoma Constitution gives appellate courts the "power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute." Okla. Const. art. VII, § 4 (emphasis added). The Constitution expressly empowers the Court to exercise jurisdiction conferred by statute, including the jurisdiction conferred upon it in § 1718. See, e.g, In re Application of Okla. Dep't of Trans., 2003 OK 105see also In re Matter of Okla. Dev. Fin. Auth., 2022 OK 47511 P.3d 1052
¶14 We also note that this Court has acted under § 1718 many times to approve bonds since 1969. See, e.g., In re Application of Okla. Tpk. Auth, 2018 OK 88431 P.3d 59 In re Application of Okla. Tpk. Auth., 2016 OK 124389 P.3d 318 In re Application of Okla. Tpk. Auth., 1989 OK 21770 P.2d 16Application of Okla. Tpk. Auth., 1969 OK 176460 P.2d 952
¶15 The Oklahoma Constitution clearly permits the Legislature to confer exclusive original jurisdiction upon the Court under § 1718 to hear and determine an application for bond validation to construct and operate turnpikes, and the statute is constitutional.
II. Appellants' claims challenging the OTA's authority to finalize the Loop and build the South Extension fall within this Court's exclusive jurisdiction.
¶16 We now turn to the issue of whether Appellants' claims that the OTA lacks statutory authorization to finalize the Loop and build the South Extension fall within this Court's exclusive jurisdiction. For over 70 years, this Court construed the Legislature's grant of jurisdiction as giving the Court sole authority to determine all questions of sufficiency of the law to authorize bonds and construct turnpikes. Okla. Tpk. Auth. v. Dist. Court of Lincoln Cty., 1950 OK 147222 P.2d 514Id. ¶ 6, 222 P.2d at 517. Appellants' claims regarding (1) whether the OTA lacks statutory authorization to construct the South Extension, and (2) whether the OTA has exceeded its statutory authorization by seeking an additional bond issue to complete the Loop are directly within the exclusive jurisdiction of this Court.
¶17 The OTA invoked the Court's exclusive jurisdiction under § 1718 when it filed its application with this Court to validate the bonds for these turnpikes. And that exclusive jurisdiction makes any determination by this Court binding upon the lower court. To hold otherwise might present a conflict of jurisdictions where this Court approves the bonds and the OTA's ability to proceed with its proposed turnpikes and a judgment by the district court bars the OTA from exercising this authority. See id. ¶ 8, 222 P.2d at 517. Even a potential conflict of jurisdiction between the two courts should be avoided.
¶18 This Court gained exclusive jurisdiction to consider the questions raised by Appellants in the district court when the OTA filed its application to validate the proposed bonds. In fact, Appellants have filed a protest placing these exact claims at issue in the bond validation matter. The district court did not err in granting the OTA's motion to dismiss Appellants' claims regarding whether the OTA lacks the statutory authorization to finalize the Loop and build the South Extension.
III. Appellants' claim demanding that the OTA comply with laws or statutory duties is contingent upon whether this Court approves the OTA's proposed bond issue.
¶19 Appellants further argue that the district court erred in dismissing their claim for injunctive and/or mandamus relief for the OTA's alleged violations of legal duties, obligations, and rights of Appellants and Oklahoma citizens in building the proposed turnpikes. Appellants contend that the claim has a subject matter that is separate and not dependent upon this Court's decision in the bond validation case. We disagree.
¶20 Appellants requested preliminary and permanent injunctive and/or mandamus relief from the district court compelling the OTA to perform, comply with, and abide by all legal duties, obligations, and due process rights of Appellants and other Oklahoma citizens. Appellants vaguely alleged these duties or obligations in their petition and amended petition, listing thorough and adequate economic studies, environmental studies, feasibility studies, geological studies, studies regarding impacts on citizens and their property, alternative route studies, and conservation resource easement impact studies without citing specific laws that create duties or obligations that the OTA must follow. Appellants also failed to make any allegation that the OTA has violated any specific law or statutory duty. Instead, Appellants requested that the district court order the OTA to comply with these unspecified duties or obligations.
¶21 Appellants are not seeking the typical preventative or prohibitive injunction to preserve the status quo. Instead, Appellants seek a mandatory injunction, which is an "extraordinary remedial process that commands the performance of some positive act." See Owens v. Zumwalt, 2022 OK 14Id.
¶22 In the same way, mandamus may only be issued by a district court to compel the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station. 12 O.S.2021, §1451Okla. Gas & Elec. Co. v. Dist. Court, Fifteenth Judicial Dist., Cherokee Cty., 1989 OK 158784 P.2d 61Marland v. Hoffman, 1939 OK 10989 P.2d 287Porch v. Hayes, 1951 OK 310236 P.2d 240
¶23 Even more, the relief sought by Appellants is under the jurisdiction of this Court, as this Court has exclusive jurisdiction to determine the OTA's authority to construct and operate the proposed turnpikes. Appellants' claim demanding that the OTA comply with unspecified duties or obligations is contingent upon whether this Court approves the OTA's proposed bond issue. The exact issue of the OTA's authority to construct and operate the proposed turnpikes is to be determined by the Court under its exclusive jurisdiction in the bond validation proceeding. Therefore, the district court did not err in granting the OTA's motion to dismiss regarding Appellants' claim for injunctive and/or mandamus relief.
CONCLUSION
¶24 This Court has exclusive original jurisdiction to determine Appellants' claims that the OTA does not have the authority to construct the proposed turnpikes. We further rule that Appellants failed to establish that they have a clear legal right to the injunctive and/or mandamus relief sought. Appellants' claim is also dependent upon the Court exercising its exclusive jurisdiction in the bond validation proceeding. For these reasons, the district court did not err in granting the OTA's motion to dismiss.
DISTRICT COURT'S JUDGMENT AFFIRMED.
CONCUR: KANE, C.J., ROWE, V.C.J. (BY SEPARATE WRITING), KAUGER, WINCHESTER, EDMONDSON, GURICH, DARBY AND KUEHN, JJ.
NOT PARTICIPATING: COMBS, J.

FOOTNOTES

See, e.g., 19 O.S.2021, § 8720 O.S.2021, § 14.174 O.S.2021, § 907982 O.S.2021, §§ 882
 

 

ROWE, V.C.J., concurring:
¶1 I concur in the Court's judgment that 69 O.S.2021 § 1718

FOOTNOTES