OKLAHOMA STATE UNIVERSITY — CONSTRUCTION OF ACADEMIC FACILITIES The criteria for a member institution of the Oklahoma State System of Higher Education to issue revenue bonds pursuant to 70 O.S. 4001 [70-4001] (1971), et seq., for construction of any facility is that the facility be self-liquidating or revenue producing and not that the facility be something other than academic, and in each instance of a proposed bond issue any determination of whether or not the facility is self-liquidating or revenue producing depends upon the surrounding facts and circumstances and must be made in accord with the requirements and procedures of 70 O.S. 4008 [70-4008] 70 O.S. 4011 [70-4011], 70 O.S. 4013 [70-4013] [70-4013] and 70 O.S. 4014 [70-4014] (1971). Under Article XIIIA, Section 3 of the Oklahoma Constitution, the State Regents would determine the need of an institution for state-appropriated funds for educational purposes, including education facilities, in order to allocate to that institution from the consolidated, lump sum appropriation; however, such determination would have to be factually consistent with the actual needs and functions of the institution, and would not encompass the authority to initially determine the need of the institution for facilities to carry out the overall functions assigned to it, which is vested in the governing board having supervision, management and control of the institution. Article X, Section 23 of the Oklahoma Constitution prohibits the creation of such debt or obligation by the State of its agencies where satisfaction of such debt or obligation would, but for the prohibition, come from funds belonging to the State, and the proper issuance of revenue bonds pursuant to 70 O.S. 4001 [70-4001] through 70 O.S. 4015 [70-4015] is not the creation of a debt or obligation against the State within the meaning of Article X, Section 23 of the Constitution. The Attorney General has considered your request for an opinion wherein you, in effect, ask the following questions: 1. Is it the intent and purpose of 70 O.S. 4001 [70-4001] (1971) et seq., that revenue bonds be issued by member institutions of the Oklahoma State System of Higher Education for the construction of academic facilities to accommodate the educational functions and programs assigned to an institution? 2. Is it the intent of Article XIII-A of the Oklahoma Constitution that the Oklahoma State Regents for Higher Education, as the coordinating board of control of all state institutions, determine the need of institutions for state funds to support the educational functions and programs assigned such institutions, both for the current operating and educational expenses and for needs for educational facilities? 3. Under Article X, Section 23 of the Oklahoma Constitution can the governing board of a state agency incur a debt as an agency of the state to meet the needs of that institution for facilities to accommodate the educational functions and programs assigned to the institution by the State Regents? Concerning your first question, 70 O.S. 4001 [70-4001] through 70 O.S. 4015 [70-4015] (1971), as amended by Chapter 43, O.S.L. 1973 (70 O.S. 4001 [70-4001] and 70 O.S. 4004 [70-4004] (1974)), authorizes the various governing boards of member institutions of the Oklahoma State System of Higher Education to issue bonds to pay for all or part of the cost of self-liquidating projects and revenue producing buildings deemed necessary by such boards for the comfort, convenience and welfare of students. Section 4002 provides in part as follows: "(a) For the purpose of paying all or part of the cost of acquisition of any such lands, rights-of-way, easements, licenses and permits and the construction, acquisition, equipment and furnishing of any such building or buildings or structure or structures, plants or systems, or of any additions, improvements, or extensions thereto, or any additions to existing buildings, the Board of Regents of the institution for which such buildings, structures, plants or systems . . . are to be constructed, acquired, added to, improved, extended, furnished or equipped . . . is authorized to borrow money on the credit of the income and revenues to be derived from the operation of the building, together with the income and revenue derived from any existing revenue-producing building or facility or facilities and, in anticipation of the collection of such income and revenues, to issue negotiable bonds in such amount as may in the opinion of the board be necessary for such purposes, and is authorized to provide for the payment of such bonds and the rights of the holders thereof as hereinafter provided. . . ." It is clear under the provisions of 70 O.S. 4001 [70-4001] (1971), et seq., that the criteria for determining whether or not the governing board of a particular institution is authorized to issue bonds for a particular project or facility is not whether or not such project or facility involves academic or educational facilities, but is rather whether or not such project or facility involves the construction of "self-liquidating or revenue-producing facilities," as this concept has been defined by the Court. By way of illustration, the Court in Application of Board of Regents of the University of Oklahoma, 195 P.2d 936 (1948), held that the Board of Regents of Oklahoma University was authorized to issue revenue bonds for the construction of an extensive power and heating plant to furnish complete service coverage for the University with its numerous buildings and departments, since such plant or facility was self-liquidating in that student fees were imposed for payment of the bonds and for funds for maintenance and operation of the plant and was for the benefit of the entire student body. The determination of whether or not a proposed project or facility which is to be funded by revenue bonds is self-liquidating or revenue producing is a separate factual determination in each case. We have no specific facts presented here, and even if specific facts were presented it would be improper to render an opinion thereon. A specific procedure for the approval of land issues is set forth in 70 O.S. 4008 [70-4008], 70 O.S. 4011 [70-4011], 70 O.S. 4013 [70-4013] and 70 O.S. 4014 [70-4014] (1971), and any determination by this office relating to a proposed bond issue must be made in accord with Section 4008, which reads as follows: "All bonds issued hereunder shall have on the backs thereof the certificate required by Article X, Section 29
of the Constitution of Oklahoma. Such bonds shall be submitted to the Attorney General of Oklahoma for his examination and such bonds, when having been examined and certified as legal obligations by the Attorney General in accordance with such requirements as he may make shall be incontestable in any court in the State of Oklahoma unless suit thereon shall be brought in a court having jurisdiction thereof within thirty days from the date of such approval. Bonds so approved by the Attorney General shall be prima facie valid and binding obligations according to their terms and the only defense which may be offered thereto in any suit instituted after such thirty-day period shall have expired shall be forgery, fraud or violation of the Constitution." In answer to your second question, Article XIII-A, Section 3 of the Oklahoma Constitution provides as follows: "The appropriations made by the Legislature for all such institutions shall be made in consolidated form without reference to any particular institution and the Board of Regents herein created shall allocate to each institution according to its needs and functions." It would, therefore, follow that in carrying out the duty to allocate the consolidated, lump sum appropriation according to the needs and functions of an institution, the State Regents would have to determine the need of the institution for state funds to operate according to the overall functions assigned to it by the State Regents, including the amount of state-appropriated funds needed for educational facilities as well as current operating educational programs. Based on the language of Article X, Section 3, it would appear that such determination would have to be factually consistent with the actual needs and functions of the institution. It should be pointed out, however, that this determination of the need of an institution for state appropriated funds by the State Regents is clearly not the same as the initial determination of the need of an institution to acquire or construct a particular facility or building. For example, the governing board of an institution may initially determine that it needs a particular building or other facility and the acquisition or construction of such building or facility might be funded in several different ways, by issuance of revenue bonds in those cases where it is appropriate, private donations, federal funds or state-appropriated funds. The determination of whether or not the institution needs state-appropriated funds for the acquisition or construction of a facility or building would be within the responsibilities of the State Regents, subject to the qualifications set forth above. However, the initial determination of whether or not the institution needs the building or facility at all in order to carry out the functions assigned to it by the State Regents would be a matter clearly within the constitutional or statutory authority of its governing board charged thereunder with the duty of supervision, management, and control of the institution. Concerning your third question, Article X, Section 23 of the Oklahoma Constitution provides in part as follows: "The State shall never create nor authorize the operation of any debt or obligation or fund or pay any deficit, against the State, or any department, institution or agency thereof, regardless of its form or the source of money from which it is to be paid, except as provided in this amendment and in Article X, Section 23, Article X, Section 24 of the Constitution of the State of Oklahoma." The cases construing the above prohibition against the creation of a debt by a state agency or the State have applied it to those instances where the satisfaction of a debt or obligation would, but for the prohibition, come from funds belonging to the State. Application of the Oklahoma Educational Television Authority, 272 P.2d 1027
(1954). Further, the Court in Application of Board of Regents for the University of Oklahoma, 161 P.2d 447
(1945), held that the issuance of revenue bonds by the University pursuant to statutory authority where payment of such bonds are derived from self-liquidating or revenue-producing projects or facilities, does not constitute the creation of "debt" within the meaning of Article X, Section 23 of the Oklahoma Constitution. Any determination, however, of whether or not a particular action by the governing board of a member institution of the Oklahoma State System of Higher Education constitutes the creation of a debt would depend upon the surrounding facts and circumstances. Certainly, the action of a governing board in issuing revenue bonds pursuant to 70 O.S. 4001 [70-4001] (1971), et seq., consistent with court decisions defining what is a self-liquidating or revenue producing project or facility, would not be the creation of "debt" within the meaning of Article X, Section 23 of the Oklahoma Constitution. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The criteria for a member institution of the Oklahoma State System of Higher Education to issue revenue bonds pursuant to 70 O.S. 4001 [70-4001] (1971), et seq., for construction of any facility is that the facility be self-liquidating or revenue producing and not that the facility be something other than academic, and in each instance of a proposed bond issue any determination of whether or not the facility is self-liquidating or revenue producing depends upon the surrounding facts and circumstances and must be made in accord with the requirements and procedures of 70 O.S. 4008 [70-4008] 70 O.S. 4011 [70-4011], 70 O.S. 4013 [70-4013] [70-4013] and 70 O.S. 4014 [70-4014] (1971). Under Article XIIIA, Section 3 of the Oklahoma Constitution, the State Regents would determine the need of an institution for state appropriated funds for educational purposes, including education facilities, in order to allocate to that institution from the consolidated, lump sum appropriation; however, such determination would have to be factually consistent with the actual needs and functions of the institution, and would not encompass the authority to initially determine the need of the institution for facilities to carry out the overall functions assigned to it, which is vested in the governing board having supervision, management and control of the institution. Article X, Section 23 of the Oklahoma Constitution prohibits the creation of such debt or obligation by the State or its agencies where satisfaction of such debt or obligation would, but for the prohibition, come from funds belonging to the State, and the proper issuance of revenue bonds pursuant to 70 O.S. 1971 4001 [70-4001] through 4015 is not the creation of a debt or obligation against the State within the meaning of Article X, Section 23 of the Constitution. (Gerald E. Weis)