John G. KITCHENS, Plaintiff,

v.

Gregory McGOWEN, individually and in his present capacity as County Superintendent of Schools of LeFlore County, Oklahoma, et al., Defendants.

No. 45968.

Supreme Court of Oklahoma.

Oct. 31, 1972.

Jones, Atkinson, Williams, Bane & Klingenberg, Enid, for plaintiff.

Dean Warren, Asst. Dist. Atty., and Alpheus Varner, Poteau, for defendants.

DAVISON, Vice Chief Justice:

In an original action filed in this court by John G. Kitchens, against the defendants hereinbefore designated, wherein plaintiff's petition is in the nature of Quo Warranto alleging that plaintiff was illegally removed from his office as County Superintendent of Schools of LeFlore County, Oklahoma, and for damages in the amount of $7,245.00, said amount alleged to being equal to his lost salary for allegedly being unlawfully forced to vacate said office by defendants.

The defendants have each filed a Special Demurrer in said cause on the ground that there is a defect of parties defendant, and requests that action be taken on the Demurrers before required to plead further.

In the present case the alleged cause of action arose in LeFlore County, and without question the District Court of LeFlore County, has original jurisdiction in the case, and has power to grant adequate relief.

We have many cases before us awaiting decisions on appeals from various courts, boards and commissions. All of the cases on appeal before us are important to the litigants. Many of the litigants are aged and needy.

Should we assume original jurisdiction in the present case, and other similar cases to follow, we would have to delay the cases which are before us on appeal from the various courts, boards and commissions.

This would be unfair to the litigants in those cases.

This court has heretofore spoken on the question involved herein. In the case of Jarman v. Mason et al., 102 Okl. 278, 229 P. 459, as follows:

"Naturally all litigants would like, in the first instance, to step into this court of last resort, thereby avoiding the expense and delay incident to appeal, but the interests of the whole people of the sovereign state are paramount to those of the individual litigants in a single case. This court must not be led too far astray from its appellate work, as this court was by the framers of the Constitution intended primarily as an appellate court."

For the reasons stated, we refuse to assume original jurisdiction in the above cause.

All Justices concur.