2006 OK 27

**MILLER DOLLARHIDE, P.C.,**
**Plaintiff/Appellee,**

v.

**Moshe TAL, Defendant/Appellant.**

No. 100,179.

Supreme Court of Oklahoma.

May 2, 2006.

As Corrected May 9, 2006.

Jack S. Dawson, Mark Edmondson, Oklahoma City, OK, for the Appellee.

Moshe Tal, Oklahoma City, OK, for the Appellant.

KAUGER, J.:

¶ 1 The question presented is one of first impression. Does an order of this Court assuming original jurisdiction, but denying mandamus relief as it relates to a pending controversy between the parties, bar review on direct appeal of the same claims made in the course of the mandamus proceedings? We hold that the summary denial of the writ should not be given preclusive effect in proceedings on direct appeal.

## FACTS

¶ 2 Only the following facts are relevant to the disposition of this appeal.[1] The appellee, Miller Dollarhide, P.C. (Miller Dollarhide/law firm) and the appellant, Moshe Tal (Tal/client) brought competing lawsuits against each other in late 2002 resulting from a failed attorney-client relationship. The law firm first filed an action seeking to collect unpaid legal fees, while Tal filed a legal malpractice action.[2] Ultimately, the law firm dismissed its action and filed its fee claims as a counterclaim in Tal's malpractice action. However, just days later, the client dismissed all of his claims in his malpractice action, leaving only the counterclaim pending before the trial court.

¶ 3 Tal first sought to remove the trial judge when he made a written in camera request under District Court Rule 15[3] for recusal on February 11, 2003. Following the trial court's refusal to grant his request, Tal filed a formal motion to disqualify, which was considered by the Chief Judge of Oklahoma County[4] and which was denied on the merits.[5]

¶ 4 However, that was not the last time Tal sought the trial judge's recusal and/or disqualification. On October 30, 2003, the trial court entered a default judgment against Tal

1. The voluminous record in the case on appeal consists of 3,322 pages of filings and 21 transcripts.

2. In another companion action, Mr. Tal's corporation was sued by Burlington Northern and Santa Fe Railway Company. That case was assigned to the same District Judge as Mr. Tal's malpractice action, and he raised similar complaints of bias in that action. While the cases are factually unrelated, they share a similar procedural history, and were the subject of the same Rule 15 mandamus proceeding in this court.

3. District Court Rule 15 provides for the following procedural process in seeking the recusal or disqualification of a District Court Judge in a pending matter:

   "a. Before filing any motion to disqualify a judge, an in camera request shall first be made to the judge to disqualify or to transfer the cause to another judge. If such request is not satisfactorily resolved, not less than ten (10) days before the case is set for trial a motion to disqualify a judge or to transfer a cause to another judge may be filed and a copy delivered to the judge.
   b. Any interested party who deems himself aggrieved by the refusal of a judge to grant a motion to disqualify or transfer a cause to another judge may re-present his motion to the Chief Judge of the county in which the cause is pending or, if the disqualification of a Chief Judge is sought, to the Presiding Judge of the administrative district by filing in the case within five (5) days from the date of said refusal a written request for re-hearing. A copy of the request shall be mailed or delivered to the Chief Judge or Presiding Judge, to the adverse party and to the judge who entered the original order. If the hearing before the second judge results in an order adverse to the movant, he shall be granted not more than five (5) days to institute a proceeding in the Supreme Court or the Court of Criminal Appeals for a writ of mandamus. Neither the Supreme Court nor the Court of Criminal Appeals will entertain an original proceeding to disqualify a judge or to direct a judge to transfer a cause to another judge unless it is shown that the relief sought was previously denied by the judge to whom the matter was re-presented in accordance with this rule. An order favorable to the moving party may not be reviewed by appeal or other method.
   c. An original proceeding in mandamus to disqualify a judge in a civil action or proceeding shall be brought in the Supreme Court; an original proceeding in mandamus to disqualify a judge in a criminal case or proceeding shall be brought in the Court of Criminal Appeals. If mandamus is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, § 4 Okla. Const."

4. We note that Oklahoma County uses a rotating Chief Judge system. The record reflects that Tal's first motion to disqualify the trial judge was presented to the Honorable Susan Caswell, District Judge, while his second motion to disqualify was presented to the Honorable Jerry Bass, District Judge.

5. The motion should have been considered in the first instance by the trial court before being presented to the Chief Judge. However, the following discussion took place between the parties and Judge Harbour on the record during proceedings on April 18, 2003, and makes clear that the trial court was aware the motion was filed:

   "... THE COURT: Four, five, eight, nine. Now, you have filed a Motion to Disqualify and transfer the actions to the chief judge so they can make a reassignment. Have you filed these motions? Are these before the chief judge?
   MR. TAL: Yes, your Honor.
   THE COURT: So these are set now before the chief judge.
   MR. TAL: It's set before Judge—
   THE COURT: Before Judge Caswell."

for failing to appear at a scheduling conference and set a date for a hearing on damages. Tal then sought vacation of the default judgment, and on November 24, 2003, the parties appeared for a hearing before the trial court on the motion to vacate. During that hearing, Tal again sought the trial judge's disqualification, which was denied. Tal filed a renewed motion to disqualify, and the motion was considered and denied by both the trial court and the Chief Judge. In denying the motion, the Chief Judge found no additional evidence of bias requiring disqualification occurring between the filing of the two disqualification motions.

¶ 5 Pursuant to Rule 15(b), Tal brought a mandamus action in this Court to review the denial of his motion. At the same time, Tal also brought a direct appeal from the denial of his motion to vacate the default judgement, in which he argued that the trial judge should have been disqualified because of bias. On February 17, 2004, this Court assumed original jurisdiction in the mandamus action but we declined "to disqualify the trial judge in both cases." [6] On July 25, 2005, the Court of Civil Appeals affirmed the trial court's denial of the motion to vacate, and specifically declined to consider the issue of bias. The Court of Civil Appeals determined that our February 17, 2004, order denying mandamus relief was the law of the case. We granted certiorari to decide the preclusive effect, if any, of our previous order as it applies to Tal's allegations of trial court bias in his direct appeal.

### THE SUMMARY DENIAL OF MANDAMUS RELIEF HAS NO PRECLUSIVE EFFECT

#### A. The Record Was Properly Preserved for Appeal

■ ¶ 6 First, we must address Miller Dollarhide's contention that the disqualification was not properly preserved for review

on direct appeal. Tal engaged in two separate attempts under Rule 15 to disqualify the trial judge because of perceived bias. The first attempt began with Tal's February, 2003 in camera letter requesting recusal. When his request was denied, Tal filed a timely formal motion in the trial court. The record is silent on why that motion was not considered by, or ruled upon by the trial court, but under our decision in *Clark v. Board of Education of Indep. Sch. Dist. No. 89*, 2001 OK 56, ¶¶ 5–11, 32 P.3d 851, the failure of the trial court to rule on the Rule 15 motion in the first instance was error. This error, which should not be attributed to Tal under these facts, was nevertheless mooted by the fact that the Chief Judge did in fact hear the motion and denied it on the merits.

¶ 7 At this point, Tal was entitled, pursuant to Rule 15(b), to bring a mandamus action in this Court within five days of the Chief Judge's order denying relief. However, Tal chose not to seek mandamus relief from the order as it applied to this case. Rather, Tal stood on the record, and under our holding in *Pierce v. Pierce*, 2001 OK 97, ¶ 10, 39 P.3d 791, the issue was perfected for appellate review on appeal from any adverse final judgment to Tal. It is clear that the Chief Judge correctly limited his consideration of the second motion for disqualification to only those actions allegedly occurring after the denial of Tal's previous Rule 15 motion.[7] It was from this limited ruling, that no new evidence of bias was present, that Tal sought the mandamus relief we denied. Therefore, we hold that Tal's claims of bias were preserved for appellate review.

#### B. The Exercise of Original Jurisdiction Alone is Insufficient to Create a Preclusionary Effect

■ ¶ 8 The Okla. Const. art. 7 § 4 sets forth our authority to assume original jurisdiction for the consideration of writs of man-

---

6. Tal sought mandamus review of both this case and his companion case to which the law firm is not a party. See note 2, supra.

7. Judge Bass gave the following reasoning for his denial of the motion to disqualify at the end of the December 23, 2003 hearing:

"... It appears to this Court, after reading the transcripts and some of the items since Judge

Caswell's ruling, is that Mr. Tal is attempting to raise items that have already been disposed of by Judge Caswell in her June 5th ruling.

This Court, in no way, can find any further evidence of bias or prejudice by Judge Harbour. Therefore, Mr. Tal's motion to have Judge Harbour removed from this case will be denied ..."

damus.[8] While art. 7 § 4 authorizes us to assume original jurisdiction in certain cases, the exercise of original jurisdiction is purely discretionary.[9] It is well settled that our refusal to exercise original jurisdiction under art. 7, § 4, has no preclusive effect as to the underlying issues and does not constitute an adjudication on the merits.[10] Miller Dollarhide concedes as much. However, Miller Dollarhide argues, and the Court of Civil Appeals agreed, that by exercising our original jurisdiction and then denying the writ itself, our denial must be treated as being on the merits and therefore precludes further review of any of Tal's bias claims.[11]

¶ 9 We cannot agree that our decision to assume jurisdiction creates such a broad preclusive effect. When this Court acts to assumes original jurisdiction, we are exercising our constitutional authority to consider and decide a pending matter involving our general superintending control over all inferior courts, commissions and boards.[12] The exercise of original jurisdiction, in and of itself, creates no special preclusive effect, because the act is not itself a disposition of the matter. Nor does the exercise of original jurisdiction necessarily imply a decision on the merits of the claims argued by the parties.[13] This is especially true on the facts presented

8. The Okla. Const. Art. 7 § 4 states in pertinent part:

"The original jurisdiction of the Supreme Court shall extend to a general superintendent control over all inferior courts and all Agencies, Commissions and Boards created by law. The Supreme Court, Court of Criminal Appeals, in criminal matters and all other appellate courts shall have power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute."

9. *Kitchens v. McGowen*, 1972 OK 140, ¶¶ 6–7, 503 P.2d 218; *In re Sewer Improvement District No. 1*, 1950 OK 64, ¶ 8, 216 P.2d 303.

10. *Hadnot v. Shaw*, 1992 OK 21, n. 7, 826 P.2d 978; *Panama Processes, S.A. v. Cities Service Co.*, 1990 OK 66, n. 10, 796 P.2d 276; *Lowrance v. Patton*, 1985 OK 95, ¶ 8, 710 P.2d 108; *McGaha v. Board of Regents of Univ. of Okla.*, 1984 OK 81, ¶ 3, 691 P.2d 895; *Lemons v. Lemons*, 1951 OK 300, ¶ 21, 238 P.2d 790.

11. The doctrine of the settled law of the case, which we have recognized since 1915, provides that issues which are litigated and settled on appeal, or which could have been settled in that appeal, may not be the subject of further litigation between the parties in that case and are deemed settled. *Matter of Severns' Estate*, 1982 OK 64, ¶ 5, 650 P.2d 854.

It is also argued that doctrines of both issue and claim preclusion might also bar further litigation on this issue. Issue preclusion, also known as collateral estoppel, prevents the same issue from being re-litigated between the same parties upon a different cause of action. *National Diversified Business Services, Inc., v. Corporate Financial Opportunities, Inc.*, 1997 OK 36, ¶ 11, 946 P.2d 662. Here, both actions on appeal were brought within the context of the same "cause of action."

Claim preclusion, also known as res judicata, prevents the re-litigation of previously adjudicated claims, or those claims which could have been raised but were not which have been subject to a final judgement on the merits. *Id.* at ¶ 12. While it might be argued that the mandamus proceeding was a "final adjudication on the merits" of the bias issue, claim preclusion is meant to bar causes of actions and defenses previously litigated, not legal theories of error in the context of an appeal. *See Panama Processes, S.A. v. Cities Services Co.*, note 10, supra at n. 27; *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). We do note that some of our sister jurisdictions apply claim preclusion rules to determine if a prior mandamus action was preclusive of the issues raised in a subsequent direct proceeding. See *Ex Parte Shelton*, 814 So.2d 251, 254–5 (Ala.2001); *Skil Corp. v. Millers Falls Co.*, 541 F.2d 554, 556–7 (6th Cir. 1976). However, because of the unique posture of a Rule 15 disqualification proceeding, we hold that it is the settled law of the case doctrine, which if applicable, would preclude the assertion of this issue on direct appeal.

12. *See Homesteaders v. McCombs*, 1909 OK 202, ¶ 4, 103 P. 691.

13. For example, in *Taylor v. Johnson*, 1985 OK 69, 706 P.2d 896, this Court assumed original jurisdiction in a labor dispute between a police union and the City of Oklahoma City. However, the Court denied relief for the following reason:

"... As petitioners have a suitable alternative remedy in this case through the vehicle of arbitration we decline to rule on the question which the parties seek to present."

The disposition in *Taylor* was on procedural grounds and was not on the merits of the underlying claims, and therefore would not serve as a bar to their relitigation. *See also State ex rel. York v. Turpen*, 1984 OK 26, ¶ 13, 681 P.2d 763 (Assuming original jurisdiction, but declining to reach the merits, where Petitioner sought to challenge Attorney General's opinion by way of writ, because such an opinion is merely advisory

here, where this Court was well aware that Tal was presenting the same claims in a collateral direct appeal proceeding.[14] That fact alone lends credence to the probability that although we assumed jurisdiction, Tal was not entitled to mandamus relief because he clearly had other adequate remedies at law.[15] Therefore, we must look at the decision and subsequent disposition rendered after the exercise of original jurisdiction to determine the preclusive effect, if any, of the Court's action.

### C. The Denial of a Writ of Mandamus Generally Has No Preclusionary Effect as to Underlying Legal Claims

¶ 10 In order to be entitled to mandamus relief, a petitioner must generally meet a five factor test: 1) the party seeking the writ has no plain and adequate remedy in the ordinary course of the law; 2) the party seeking the writ possesses a clear legal right to the relief sought; 3) the respondent has a plain legal duty regarding the relief sought; 4) the respondent has refused to perform that duty; and 5) the respondent's duty does not involve the exercise of discretion.[16] We may also issue the writ to correct an arbitrary abuse of discretion.[17] Since at least 1919, this Court has recognized that the grant of mandamus relief is discretionary

and that the writ is not issued of right.[18] Therefore, even if the underlying legal claims raised in the petition have merit, we are not required to grant the writ, if, in our exercise of discretion, we believe that issuance of mandamus is not prudent.

¶ 11 Our sister jurisdictions considering this issue have generally adopted the rule that a denial of a writ of mandamus by a supervisory court, without opinion, is not entitled to preclusive effect.[19] The Supreme Court of Alabama, in *In re Shelton*, 814 So.2d 251, 255 (Ala.2001), has taken the position that "the denial of a petition for a writ of mandamus does not operate as a binding decision on the merits." Likewise, the Supreme Court of California reached a similar conclusion in *Kowis v. Howard*, 3 Cal.4th 888, 12 Cal.Rptr.2d 728, 838 P.2d 250, 256 (1992):

> " . . . if the denial followed a less rigorous procedure, [than that of full argument and opinion], it should not establish law of the case. To be sure, the court on a later appeal might often reach the same result as before. But it is not *required* to do so by the law of the case doctrine . . . A summary denial of a writ petition does not establish law of the case whether or not that denial is intended to be on the merits or is based on some other reason . . ."[20]

until such time as the question is adjudicated in the District Court.).

**14.** Miller Dollarhide did raise this issue in the prior mandamus proceedings, arguing that Tal had presented his bias claim on direct appeal, and therefore Tal had in effect waived his right to have us adjudicate the claims through mandamus because there was now an adequate alternative avenue for vindicating any error. *Appellant's Petition for a Writ of Certiorari* at 5-6.

To the extent that Miller Dollarhide now takes the position that Tal should not be permitted to raise the issues on direct appeal, the doctrine of judicial estoppel may bar that position. *Capshaw v. Gulf Ins. Co.*, 2005 OK 5, ¶ 11, n. 28, 107 P.3d 595 (This doctrine provides that a party who knowingly assumed a particular position is estopped from assuming an inconsistent position to the prejudice of the adverse party. This rule ordinarily applies to inconsistent positions assumed in the course of the same judicial proceeding or in subsequent proceedings where the parties and questions are identical.). However, we do need to reach Tal's assertions of judicial estoppel, because we conclude that the prior

mandamus proceedings do not bar the bias claims on direct appeal.

**15.** 12 O.S.2001 § 1452 provides that the writ of mandamus "may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law."

**16.** *Chandler (U.S.A.), Inc. v. Tyree*, 2004 OK 16, ¶ 24, 87 P.3d 598.

**17.** *Id.*

**18.** *Strother v. Bolen*, 1919 OK 148, ¶ 10, 181 P. 299.

**19.** Annot., "Judgment Granting or Denying Writ of Mandamus or Prohibition as Res Judicata," 21 A.L.R.3d 206, 248 (Supp.2003); See also *Ex Parte Shelton*, see note 11, supra, at 255 (Restating that the denial of relief by mandamus does not have res judicata effect.).

**20.** The *Kowis* court also noted that a short statement or citation explaining the basis for the summary denial does not transform the denial

¶ 12 The Federal Courts have adopted a similar approach. For example, in a case arising in a disqualification situation similar to this matter, the court in *Cheeves v. Southern Clays, Inc.,* 797 F.Supp. 1570, 1584 (M.D.Ga.1992), reached the following conclusion:

"... To be sure, given the lack of explanation in the order concerning the reasons for denial of relief, it cannot be said that the entry of the order precludes further consideration under the doctrines of res judicata or law of the case. [Citation omitted.] It can be said, however, that the Court of Appeals saw no reason at that time to intervene for the purpose of "enlarging the record"; and, precisely because the mandamus proceeding had no preclusive effect, the Court of Appeals will yet have another opportunity on final appeal, if it chooses, to revisit the disqualification issue...."

¶ 13 We find this rationale persuasive, and hold that our summary denial of a writ of mandamus, even after we have assumed jurisdiction, has no preclusive effect. Our opinion in *McMinn v. City of Oklahoma City,* 1997 OK 154, ¶ 25, 952 P.2d 517, cited by Miller Dollarhide in support of its contention that the writ denial should be given preclusive effect, is not to the contrary. In *McMinn,* we considered whether the law of the case doctrine bound one division of the Court of Civil Appeals to another division's opinion between the same parties in the same litigation in a prior appeal.

¶ 14 In deciding whether the law of the case doctrine applied we looked to: 1) the issues actually presented to the Court of Civil Appeals in the prior appeal; 2) the issues specifically addressed by the Court of Civil Appeals in its prior opinion; and 3)

those issues necessarily decided by the Court of Civil Appeals in order to reach its prior holding. In concluding that the doctrine did apply, we held that both of the issues presented in the second appeal were previously presented in the prior appeal, that both issues were specifically addressed in that prior opinion, and that both issues were necessary to the COCA's resolution of the prior appeal.

¶ 15 *McMinn* is distinguishable from the instant case, because *McMinn* involved the preclusive effect of a prior appellate opinion. Here, there was no opinion; rather, we issued a single sentence order denying relief. Where there is a prior opinion, we will apply those factors discussed in *McMinn* to determine the preclusive effect of that opinion, and the party asserting the bar will bear the burden to show that the prior opinion did in fact adjudicate the issue on the merits.[21] That burden will be met by showing that the issue was fairly presented to the reviewing court, and that the reviewing court either squarely addressed the issue in its written opinion or order, or a resolution of that issue on the merits was implicitly necessary to achieve the result reached in that case. However, where the prior appellate action is merely a summary order denying a writ of mandamus, the doctrines of res judicata and law of the case are not implicated.

¶ 16 Our disposition of the question presented requires us to vacate the opinion of the Court of Civil Appeals. Rule 1.180(b) of the Supreme Court Rules, 12 O.S.2001 Ch. 15, App. 1,[22] permits us, in our discretion, to remand the case to the Court of Civil Appeals to address any assignments of error left unresolved following our opinion.[23] We therefore remand this case the Court of Civil

into a decision of a cause entitled to law of the case effect. *Kowis v. Howard,* 3 Cal.4th 888, 12 Cal.Rptr.2d 728, 838 P.2d 250, 253 (1992).

21.  A party asserting a preclusion defense bears the burden of proof. *Anderson v. Falcon Drilling Co.,* 1985 OK 13, ¶ 16, 695 P.2d 521.

22.  Rule 1.180(b), Supreme Court Rules, 12 O.S. 2001 Ch. 15, App. 1, provides in pertinent part: "Issues not presented in the petition for certiorari may not be considered by the Supreme Court. Provided, however, if the Court of Civil

Appeals did not decide all of the properly preserved and briefed issues, the Supreme Court may—should it vacate the opinion of the Court of Civil Appeals—address such undecided matters or it may remand the cause to the Court of Civil Appeals for that Court to address such issues...."

23.  *Boren v. Thompson & Assoc.,* 2000 OK 3, ¶ 26, 999 P.2d 438; *Hough v. Leonard,* 1993 OK 112, ¶ 18, 867 P.2d 438.

Appeals to decide in the first instance whether there is any merit to Tal's claim that the trial court was biased and should have recused itself. We express no view as to the merits of this issue.

## CONCLUSION

¶ 17 The merits of granting or denying mandamus are often different than those of the underlying claims, and we will not presume that we have adjudicated the underlying merit issues, even if we have exercised our discretionary power to review the petition itself by assuming jurisdiction. Where a party seeks to establish that the issue in contention was raised and adjudicated before this Court in an original proceeding for an extraordinary writ, the fact that this court assumed jurisdiction, standing alone, is not dispositive. Rather, we look to the order itself to determine its preclusive effect. We will not assume, from an order silent on rationale, that our denial of relief was on the merits of the underlying claim. Our summary denial of mandamus relief, without an opinion, should not be given preclusive effect. We therefore remand the case to the Court of Civil Appeals to decide the merits of Tal's claim of trial court bias.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; CAUSE REMANDED TO THE COURT OF CIVIL APPEALS.**

WATT, C.J., WINCHESTER, V.C.J., LAVENDER, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ. concur.

HARGRAVE, OPALA, JJ. dissent.