2007 OK CIV APP 90

**Robert OLSON, Plaintiff/Appellant,**

v.

**CONTINENTAL RESOURCES, INC., an
Oklahoma Corporation; Harold Hamm,
an individual and President and Chief
Executive Officer of Continental Re-
sources, Inc.; Tom Luttrell, an individu-
al and Vice President of Continental
Resources, Inc.; Davis Operating Com-
pany, an Oklahoma Corporation; and
William H. Davis, an Individual and
President of Davis Operating Company,
Defendants/Appellees.**

No. 102,933.

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 13, 2007.

Rehearing Denied May 18, 2007.

Certiorari Denied Sept. 11, 2007.

Robert Olson, Tulsa, OK, Pro Se Plaintiff/Appellant.

Glenn A. Devoll, Julia C. Rieman, Gungoll, Jackson, Collins, Box & Devoll, P.C., Enid, OK, for Defendants/Appellees, Continental Resources, Inc., Harold Hamm and Tom Luttrell.

Robert B. Sartin, Adam K. Marshall, Barrow & Grimm, P.C., Tulsa, OK, for Defendants/Appellees, Davis Operating Company and William H. Davis.

ROBERT DICK BELL, Judge.

¶1 Robert Olson, Plaintiff/Appellant, appeals from the trial court's order denying his petition to vacate a prior judgment on the ground of fraud. For the reasons set forth below, we affirm the order of the trial court.

¶2 In Blaine County District Court Case No. CJ–2002–151, Plaintiff sued Defendants/Appellees to quiet title to an overriding royalty interest in an oil and gas lease and to recover damages for "sham legal process" and "civil conspiracy." The trial court granted summary judgment to Defendants, and granted Davis Operating Company summary judgment on its counterclaim for overpayment of royalty payments. The judgment was affirmed by this Court in *Olson v. Continental Resources, Inc.*, 2005 OK CIV APP 13, 109 P.3d 351. The Oklahoma Supreme Court denied Plaintiff's petition for certiorari.

¶3 Plaintiff then sued the same defendants—asserting the same claims based on the same facts—in Blaine County District Court Case No. CJ–2004–121. The trial court granted summary judgment to Defendants on the ground of claim preclusion. Plaintiff's appeal of that decision is pending in Supreme Court Case No. 102,398.

¶4 In October, 2004, Plaintiff filed a motion to vacate the judgment in Case No. CJ–2002–151 and a petition for new trial in Case No. CJ–2004–121. Plaintiff also sought the recusal of Judge Ronald G. Franklin, the original trial judge. Plaintiff's pleadings were based on alleged inappropriate *ex parte* communications between opposing counsel and Judge Franklin, about which Plaintiff knew during the original trial proceedings. Judge Franklin declined to recuse himself. The Honorable Ray Dean Linder, presiding judge of the judicial administrative district, denied Plaintiff's recusal motion, finding: (1) The telephone conversations between opposing counsel and the trial judge related to the scheduling of motions and hearings, and Plaintiff presented no evidence of any improper communications; and (2) the notebook prepared by opposing counsel and submitted as an aid to the court was not inappropriately given, as

it merely contained copies of cases cited in the parties' summary judgment briefs. Judge Linder noted it is common practice for attorneys to supply trial judges with copies of opinions relied upon by litigants.

¶ 5 Plaintiff then sought extraordinary relief from the Oklahoma Supreme Court, which assumed original jurisdiction and denied Plaintiff's petition to have Judge Franklin removed from the case. *Olson v. Franklin,* Case No. 101,682 (Okla. Feb. 28, 2005) (unpublished), *reh'g denied.* Plaintiff's similar petition for a writ of mandamus to the United States Supreme Court was also denied. *In re Olson,* 547 U.S. 1068, 126 S.Ct. 1793, 164 L.Ed.2d 559, *reh'g denied* —— U.S. ——, 126 S.Ct. 2962, 165 L.Ed.2d 979 (2006).

■ ¶ 6 By order dated June 16, 2005, the trial court denied Plaintiff's motion to vacate the judgment in Case No. CJ–2002–151 and petition for new trial in Case No. CJ–2004–121. The trial court noted Plaintiff's request for a writ of mandamus from the Oklahoma Supreme Court was based on the same facts and evidence asserted by Plaintiff in his motion to vacate and petition for new trial. As a result of the Supreme Court's denial of mandamus relief and this Court's opinion in *Olson,* 2005 OK CIV APP 13, 109 P.3d 351, the trial court held the issues raised by Plaintiff's motion and petition were moot.[1]

¶ 7 On August 11, 2005, Plaintiff filed the instant petition to vacate the judgment in Case No. CJ–2002–151, asserting the same argument he made in his earlier motion to vacate, his petition for new trial in Case No. CJ–2004–121 and his mandamus actions. (Plaintiff also made the same allegations in a "Motion to Vacate" filed one week later in the same court). Specifically, Plaintiff contended the notebook given to Judge Franklin by opposing counsel was a "substantive, clandestine ex parte communication" that amounted to a fraud being perpetrated upon

him. The trial court denied the petition/motion, holding, *inter alia:*

> The Court finds that Plaintiff failed to timely urge his prayer for relief on the grounds of fraud and further that a complete review of the file fails to show the existence of any fraud in the obtaining of the judgment rendered by Judge Franklin.[2]

From said judgment, Plaintiff appeals.

■ ¶ 8 We hold the trial court's judgment may be affirmed on either of two independent grounds: Issue preclusion and/or failure to prove fraud under 12 O.S.2001 § 1031(4). Under the doctrine of issue preclusion, known at common law as collateral estoppel:

> [O]nce a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim. Issue preclusion prevents relitigation of facts and issues *actually litigated and necessarily determined* in an earlier proceeding between the same parties or their privies. An issue is actually litigated and necessarily determined if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined.

*State ex rel. Okla. Bar Ass'n v. Giger,* 2004 OK 43, ¶ 13, 93 P.3d 32, 38 (emphasis in original, footnotes omitted).

■ ¶ 9 In his initial motion to vacate the judgment in Case No. CJ–2002–151, his petition for new trial in Case No. CJ–2004–121, and his related recusal motion, Plaintiff alleged the same fraud, based upon the same facts and against the same defendants, as that alleged in the instant proceeding. That issue was submitted for the trial court's determination in the first vacation/new trial/recusal action and was in fact disposed of by the trial court's holding that Plaintiff failed to present any evidence of improper commu-

---

1. The Supreme Court recently declared that the summary denial of a writ of mandamus, even after the Court has assumed jurisdiction, has no preclusive effect. *Miller Dollarhide, P.C. v. Tal,* 2006 OK 27, ¶ 13, —— P.3d ——. The doctrines of res judicata and law of the case do not apply to an appellate order summarily denying a writ of mandamus. *Id.* at ¶ 15.

2. Judge Franklin recused himself from the instant case after being sued by Plaintiff in Tulsa County District Court Case No. CJ–2005–4925. That lawsuit was dismissed on October 5, 2005, for improper venue and failure to state a claim upon which relief could be granted.

nication between opposing counsel and the trial judge. Under the doctrine of issue preclusion, Plaintiff is estopped from relitigating in this case the same issue that was finally adjudicated in the prior proceeding.

¶ 10 Second, Section 1031(4) authorizes a trial court to vacate its judgments "for fraud, practiced by the successful party, in obtaining a judgment or order." "The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion." *Ferguson Enter., Inc. v. H. Webb Enter., Inc.*, 2000 OK 78, ¶ 5, 13 P.3d 480, 482. In a proceeding under § 1031 to vacate a judgment on the ground of fraud, the petitioner must, *inter alia*, "provide clear and convincing evidence of fraud, ..." *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, ¶ 38, 987 P.2d 1185, 1200.

¶ 11 In the present case, Plaintiff has utterly failed to provide any, much less clear and convincing, evidence of fraud. The only evidence upon which Plaintiff relies is that counsel for Continental presented a notebook of authorities to the trial judge. We are cognizant of the fact opposing counsel neglected to provide Plaintiff with a copy of the notebook. However, Plaintiff makes no allegation that the notebook contained anything other than copies of opinions, with some highlighted text, indexed to the summary judgment briefs. Such action does not constitute fraud. Plaintiff has failed to present any evidence of improper communications between opposing counsel and Judge Franklin. The trial court did not abuse its discretion in refusing to vacate the original judgment.

¶ 12 In one of Defendants' answer briefs, this Court is asked to exercise its inherent power to enjoin Plaintiff from pursuing further vexatious litigation arising out of the original subject matter and/or based on any of the facts arising in the course of the various lawsuits that have preceded this appeal. Such an injunction request should be directed to the district court, a "first-

instance tribunal with 'unlimited original jurisdiction of all justiciable matters....'" *Jernigan v. Jernigan*, 2006 OK 22, ¶ 16, 138 P.3d 539, 545, *quoting* OKLA. CONST. Art. 7 § 7(a) (footnote & emphasis omitted). *See also* 20 O.S.2001 § 30.1 and Rule 1.17(I) of the *Oklahoma Supreme Court Rules*, 12 O.S. 2001, Ch. 15, App. 1, regarding the jurisdiction of this Court.

¶ 13 On the basis of the foregoing, the judgment of the trial court is affirmed.[3]

¶ 14 AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.

---

3. This Court has previously denied Plaintiff's motion to disqualify Judge Carol M. Hansen, who authored the unanimous opinion in *Olson v. Continental Resources, Inc.*, 2005 OK CIV APP 13, 109 P.3d 351, *supra* at ¶ 2, from participating in

this proceeding. Appellant's Motion for Rehearing or Reconsideration of the Motion for the Disqualification of Court of Civil Appeals Judge, Carol M. Hansen, is hereby denied.