**Application of the OKLAHOMA TURNPIKE AUTHORITY for the Approval of not Exceeding $70,000,000 Oklahoma Turnpike System Revenue Bonds for the Construction of the Cimarron Turnpike.**

**No. 43693.**

Supreme Court of Oklahoma.

Oct. 28, 1969.

Douglas McKeever, Gen. Counsel, McKeever, Glasser, McKeever & Conrad, Enid, and R. L. Vaughan, Oklahoma City, for Oklahoma Turnpike Authority.

ORIGINAL ACTION

BONDS APPROVED

WILLIAMS, Justice.

In this original action the Oklahoma Turnpike Authority ("Authority") seeks approval of the issuance of Oklahoma Turnpike System Series C Revenue Bonds in an aggregate amount not to exceed $70,000,000.00.

The application for approval is filed pursuant to legislative authorization set forth in 69 O.S.1969 Supp. § 1718. Notice of the hearing of the application was duly given in accordance with the provisions of such § 1718.

This Court has determined to and does hereby accept jurisdiction and grant the relief sought by petitioner as hereinafter set forth. See Section 1718, supra.

The proceeds of the bonds involved herein are to be used to construct a turnpike (referred to as the "Cimarron Turnpike") connecting the City of Tulsa to Interstate Highway 35, located to the west. The statutory authority for constructing such a facility is contained in 69 O.S.1969 Supp. § 1705(e) (5), which empowers the Authority to construct and operate

"A turnpike or any part or parts thereof from the City of Tulsa, extending west to a junction with Interstate Highway 35 on a route lying south of the Kansas-Oklahoma State Boundary and north of the City of Stillwater, or north of the City of Perry."

The description and location of the proposed Cimarron Turnpike as stated in the Authority's duly adopted resolutions accepting and approving the report of the engineers and the location of the turnpike, authorizing the turnpike's construction and the issuance of revenue bonds to obtain funds to pay therefor and the trust agreement securing such bonds, conforms to the location and description as set forth in the above quoted provisions of such § 1705(e) (5).

Pursuant to authority granted in 69 O.S.1969 Supp. § 1710, the bonds for which our approval is requested herein are secured by a trust agreement dated July 1, 1969 ("1969 Agreement"). The 1969 Agreement is similar to and must be considered in conjunction with and as a supplement to a previous trust agreement ("1966 Agreement") entered into by the Authority. The 1966 Agreement was considered by this Court in Application of Oklahoma Turnpike Authority, Okl., 416 P.2d 860, wherein we approved the issuance of bonds secured by its provisions.

The 1966 Agreement established a "Revenue Fund" to which is deposited all tolls and revenues derived from the Oklahoma Turnpike System (which latter term is defined as excluding the Will Rogers [Northeastern] Turnpike). The 1966 Agreement further establishes certain accounts to which are credited, in the order set forth therein, amounts from the Revenue Fund for the payment of the principal and interest on the bonds issued thereunder and the maintenance of the turnpike facilities. The sums remaining in the Revenue Fund after credits are made to the above described accounts are transferred to the credit of an account designated as the "General Fund" (Section 507(g), 1966 Agreement). Section 513 of the executed 1966 Agreement provides, inter alia, that moneys from the General Fund shall be disbursed, to the extent permitted by law, for paying all or any part of the costs of additions or enlargements to the Oklahoma Turnpike System.

Under the provisions of the 1969 Agreement, the 1966 Agreement Trustee is directed to transfer from the General Fund a specifically described amount to the credit of accounts established for the payment of the principal and interest on the bonds to be issued for the construction of the Cimarron Turnpike, an authorized addition to the Oklahoma Turnpike System. As can be seen, the 1969 Agreement, in effect, only implements the provisions of the 1966 Agreement. As noted earlier herein, we previously have considered and approved the provisions of the 1966 Agreement. However, all rights held under the 1969 Agreement shall be subject to all rights, pledges, liens and priorities created under and contained in the 1966 Agreement where applicable.

In its application, the Authority also requests us to find that

"* * .* pursuant to section 1727(b) of the Enabling Act a monthly apportionment of motor fuel excise taxes may be made to the Authority unless the balance in said Turnpike Trust Fund shall be equal to three years' annual interest on all the Oklahoma Turnpike System Revenue Bonds issued and then outstanding and, in addition, three years' annual interest on all other turnpike revenue bonds hereafter issued by the Authority under the provisions of the Enabling Act, including the 1969 bonds, and then outstanding. * * *".

In accordance with the explicit terms of 69 O.S.1969 Supp. § 1727(b), we find that a monthly apportionment of motor fuel excise taxes, when required under § 1727(a), shall be made to the Turnpike Trust Fund unless the balance therein is " * * * equal to three (3) years' annual interest on all turnpike bonds issued subsequent to July 16, 1959." This Court has previously found that the creation of the Turnpike Trust Fund pursuant to the provisions of 69 O.S.1969 Supp. § 1730 is constitutional. See Application of Oklahoma Turnpike Authority, Okl., 348 P.2d 510; and, Application of Oklahoma Turnpike Authority, Okl., 416 P.2d 860.

It is to be noted that provision is made in the Enabling Act (69 O.S.1969 Supp. § 1730) that no pledge or vesting of the contractual right contemplated in the next preceding paragraph hereof shall be deemed to restrict in any way the State's power to change the rate of the motor fuel tax levy or to repeal such levy.

It is further to be noted that as provided in Section 1702 of the Enabling Act the Turnpike Revenue bonds issued under the provisions of the Act shall be payable solely from the funds provided therefor from revenues and shall not constitute a debt of the State or of any political subdivision thereof and that neither the faith and credit or the taxing power of the State nor of any of its political subdivisions is pledged or may hereafter be pledged for the payment of either the principal or interest of such bonds.

No other questions having been presented herein by the Authority and no protest to its application having been filed, we find that the official actions of the Authority authorizing and approving the location, construction, and financing of the Cimarron Turnpike, the issuance of bonds, the execution and delivery of the trust agreement, and the provisions of the trust agreement are valid and in conformity with the Enabling Act, 69 O.S.1969 Supp. § 1701 et seq. We further find that the bonds here involved, when issued in ac-

cordance with the Authority's official actions above-described, applicable statutory law and this opinion will constitute valid obligations in accordance with their terms.

The Court hereby directs that any petition for rehearing be filed within five days of the date of promulgation of opinion herein.

BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON and LAVENDER, JJ., concur.