OSCN Found Document:IN THE MATTER OF APPLICATION OF THE OKLA. TURNPIKE AUTHORITY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF APPLICATION OF THE OKLA. TURNPIKE AUTHORITY
2016 OK 124
Case Number: 115345
Decided: 12/13/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 124, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE APPLICATION OF THE OKLAHOMA TURNPIKE AUTHORITY FOR APPROVAL OF NOT TO EXCEED $480,000,000 OKLAHOMA TURNPIKE SYSTEM SECOND SENIOR LIEN REVENUE BONDS, SERIES 2016
ORIGINAL PROCEEDING TO DETERMINE VALIDITY OF
PROPOSED STATE REVENUE BONDS
¶0 The Oklahoma Turnpike Authority (Authority) seeks to issue revenue bonds for use in the construction of certain turnpike projects. Pursuant to 69 O.S.2011, § 1718, the Authority filed an application in this Court seeking approval of the proposed bonds. The Protestant, Jerry R. Fent, challenges the validity of the requested bonds. We accepted original jurisdiction to determine the issue of the bonds' validity. 
APPLICATION FOR APPROVAL OF THE ISSUANCE OF OKLAHOMA TURNPIKE
SYSTEM SECOND SENIOR LINE REVENUE BONDS, SERIES 2016, IN AN 
AMOUNT NOT TO EXCEED $480,000,000.00 IS GRANTED.
Gary M. Bush, Jered T. Davidson, The Public Finance Law Group PLLC, Oklahoma City, Oklahoma, for applicant.
Jerry R. Fent, Oklahoma City, Oklahoma, Pro Se Respondent.
WINCHESTER, J.
¶1 The Oklahoma Turnpike Authority (the "Authority"), pursuant to 69 O.S.2011, § 1718, applies to this Court for approval of an issuance of bonds captioned "Oklahoma Turnpike Authority Oklahoma Turnpike System Second Senior Lien Revenue Bonds, Series 2016" (the "Series 2016 bonds") in an amount not to exceed $480,000,000. The Authority has requested the funds in order to: (1) finance a portion of the capital costs of certain turnpike projects and improvements known as the "Driving Forward Projects," (2) refund the outstanding principal amount of the Authority's Oklahoma Turnpike System Refunding Second Senior Lien Revenue Bonds, Series 2007A dated June 6, 2007, issued in the original principal amount of $45,680,000 (the "Refunding"); (3) satisfy the Reserve Account requirements; and (4) pay the costs related to the issuance of the Bonds.
¶2 This Court is vested with exclusive, statutory original jurisdiction to hear and determine applications for bond approval from the Authority. 69 O.S.2011, § 1718.[1] The Authority provided the requisite notice of its application and Jerry R. Fent (the "Protestant"), filed his objection to the application and was given an opportunity to be heard.[2] We assumed original jurisdiction to resolve the matter.
BACKGROUND
¶3 The Authority has issued bonds for the operation and construction of the state's turnpike projects since 1950. This Court has previously approved bonds requested by the Authority on ten separate occasions, having never disallowed a bond issuance in each of those cases.
[3] 
¶4 In 1987, the Legislature authorized three new projects (the "1987 Projects") to include construction of the OKC Outer Loop, South Tulsa Bypass, and a new turnpike between State Highway 33 and U.S. 69, codified at 69 O.S. § 1705 (e)(20)-(22). The Legislature also approved the statute in question, 69 O.S.2011, § 1705 (f), which provides that the Authority is empowered to issue turnpike revenue bonds, payable solely from revenues, for the "purpose of paying all or any part of the cost of any one or more turnpike projects." The statute further provides that "any bonds issued for the construction of the proposed turnpike referred to in subparagraphs (10), (20), (21) and (22) of paragraph (e) of this section shall be issued as one issue for all four of the proposed turnpikes and shall be financed, constructed and operated under one bond indenture."[4] 69 O.S.2011, § 1705 (f).
¶5 In 1989, the Authority sought validation of its bonds to construct the 1987 Projects and to refund prior bonds (the "1989 Bonds"). Under this application, the Authority sought to consolidate all previously constructed projects under one master Trust Agreement to operate as one turnpike system. The Court approved the bonds in In re Application of Oklahoma Turnpike Authority, 1989 OK 21, ¶ 22, 770 P.2d 16.
¶6 On October 29, 2015, the "Driving Forward" initiative was announced by Governor Mary Fallin. According to the Authority, the initiative consists of six major projects to provide for "safe travel, relieving congestion to shorten commutes, and sustaining economic development for years to come." The Authority states that two of the Driving Forward projects relate to additional construction of the OKC Outer Loop, which was validated by the Court in 1989. In re Application of Oklahoma Turnpike Authority, 1989 OK 21, ¶ 22, 770 P.2d 16. As a result of this initiative, the Authority submitted the current application for approval of the bonds.
DISCUSSION
¶7 The Protestant raises the issue of the constitutionality of the financing plan to fund the turnpike projects in question. The Protestant maintains that the statute in question, 69 O.S.2011, § 1705 (f), provides funding for four separate turnpikes under one bond issue and that this constitutes logrolling in violation of Okla. Const., Art. 5, § 57. The Protestant further argues that the Authority's refunding statute, 60 O.S.2011, § 1719, is unconstitutional as the debts created by the statute exceed twenty-one years in violation of Okla. Const., Art. 2, § 32.
A. LOGROLLING
¶8 The Protestant urges that because there are four turnpike construction projects being "financed, constructed and operated with one bond indenture" that this constitutes logrolling in violation of the Oklahoma Constitution's single subject rule, Okla. Const., Art. 5, § 57.
[5] The Protestant contends that the smaller turnpikes need the larger turnpikes to pay them off through refunding and that this equates to logrolling.
¶9 The Protestant cites Fent v. State ex rel. Oklahoma Capitol Improvement Authority, 2009 OK 15, 214 P.3d 799 for support of his claim of logrolling. In Fent, the Court found the challenged bill unconstitutional because it tied financing for three separate and unrelated projects to one bond. In addressing the bond's validity, the Court stated that the single subject rule should be interpreted using a "germaneness" test. Fent, supra, at ¶ 16. If the "provisions are germane, relative, and cognate to a readily apparent common theme and purpose, the provisions" will not be found to violate the single subject rule. Id. 
¶10 We find the instant matter distinguishable as the projects to be funded are not unrelated and, in fact, all concern the construction or maintenance of turnpikes. Each turnpike's stated purpose is to "facilitate vehicular traffic throughout the State." 69 O.S.2011, § 1701. Further, funding multiple projects under one bond issue is not new. The Legislature has specifically authorized the Authority to consolidate projects for funding: 


The Authority may provide by resolution, at one time or from time to time, for the issuance of turnpike revenue bonds of the Authority for the purpose of paying all or any part of the cost of any one or more turnpike projects. The Authority, when it finds that it would be economical and beneficial to do so, may combine two or more, or any part thereof, or all of its proposed projects into one unit and consider the same as one project to the same extent and with like effect as if the same were a single project. 


69 O.S.2011, § 1709(A). 
¶11 In Application of Oklahoma Turnpike Authority, 1966 OK 139, 416 P.2d 860, the Authority sought to approve construction projects for multiple turnpikes and a refunding of certain bonds under one single bond. The Court concluded that the Authority may combine and operate the named turnpikes in question as a single project. Application of Oklahoma Turnpike Authority, 1966 OK 139, ¶ 81, 416 P.2d 860. Likewise, in Application of Oklahoma Turnpike Authority, 1961 OK 15, 359 P.2d 680, the Court approved the combining of the Southwestern (H.E. Bailey) Turnpike Project and Eastern Turnpike Project for financing purposes into one unit under a single sinking fund for all the bonds. 
¶12 Here, the Authority has the express legislative authority to issue bonds for turnpike projects. 69 O.S.2011, § 1701. The Authority is also authorized to combine multiple projects for purposing of issuing bonds. 69 O.S.2011, § 1709(A). Because the requested bonds all relate to the construction and/or improvement of turnpikes, we find the Authority's application does not violate the single subject rule. 
B. RULE AGAINST PERPETUITIES
¶13 The Authority's request for approval of the bonds from the Council of Bond Oversight reflects a stated, expected maturity date of January 1, 2046. The Protestant urges that this maturity date violates the rule against perpetuities, Okla. Const., Art. 2, § 32. Section 32 provides: "[p]erpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed, nor shall the law of primogeniture or entailments ever be in force in this State." 
¶14 The Protestant cites no Oklahoma cases in support of his argument. Instead, he relies only on Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610 (1933), a U.S. Supreme Court case where county commissioners in McClain County, Oklahoma, granted a franchise to individuals to build and operate a toll bridge across the Canadian River. The proposed grant was to be perpetual. Id. 288 U.S. at 53-54, 53 S.Ct. at 240-241. The Court narrowed down the issue in Hawks to the validity of a privilege or claim of privilege to obstruct a bridge across a public stream, and not for a decision as to the ownership of the structure of the bridge. Id., 288 U.S. at 59-60, 53 S.Ct. at 243-244. The Court, making no ruling as to any issue concerning the rule against perpetuities, ultimately determined not to insert itself in the case and upheld the dismissal of the cause by the federal district court. Hawks, therefore, does not support the Protestant's claim of a violation of the rule against perpetuities in the instant matter.
¶15 The Protestant fails to cite supporting legal authority showing how there is a violation of the rule against perpetuity concerning the issuance of government bonds with a concrete maturity date. We need not consider propositions unsupported by convincing argument or authority in an original action unless it is apparent without further research that they are well taken. S.W. v. Duncan, 2001 OK 39, ¶ 31, 24 P.3d 846, 857.
CONCLUSION
¶16 The proposed bond issue was properly authorized. We find that valid notice of this application was given and that the Authority and the Protestant were fully heard. The Protestant has advanced no legally or factually supportable reasons to disapprove the application. Accordingly, the Authority's application is granted.[6]
APPLICATION FOR APPROVAL OF THE ISSUANCE OF OKLAHOMA TURNPIKE
 SYSTEM SECOND SENIOR LINE REVENUE BONDS, SERIES 2016, IN AN 
AMOUNT NOT TO EXCEED $480,000,000.00 IS GRANTED.
ALL JUSTICES CONCUR. 
FOOTNOTES
[1] 69 O.S.2011, § 1718 provides:
The Authority is authorized in its discretion to file an application with the Supreme Court of Oklahoma for the approval of any bonds to be issued hereunder, and exclusive original jurisdiction is hereby conferred upon the Supreme Court to hear and determine each such application. It shall be the duty of the Court to give such applications precedence over the other business of the Court and to consider and pass upon the applications and any protests which may be filed thereto as speedily as possible. Notice of the hearing on each application shall be given by a notice published in a newspaper of general circulation in the state that on a day named the Authority will ask the Court to hear its application and approve the bonds. Such notice shall inform all persons interested that they may file protests against the issuance of the bonds and be present at the hearing and contest the legality thereof. Such notice shall be published one time not less than ten (10) days prior to the date named for the hearing and the hearing may be adjourned from time to time in the discretion of the Court. If the Court shall be satisfied that the bonds have been properly authorized in accordance with this article and that when issued, they will constitute valid obligations in accordance with their terms, the Court shall render its written opinion approving the bonds and shall fix the time within which a petition for rehearing may be filed. The decision of the Court shall be a judicial determination of the validity of the bonds, shall be conclusive as to the Authority, its officers and agents, and thereafter the bonds so approved and the revenues pledged to their payment shall be incontestable in any court in the State of Oklahoma.
[2] The Protestant filed an objection to the application sought herein as well as filed a separate action challenging the bonds' issuance in Jerry R. Fent v. State of Oklahoma, ex rel Oklahoma Turnpike Authority, Case No. 115,270. We previously assumed original jurisdiction in Case No. 115,270, denied the Protestant's requested relief, and found his request for affirmative relief duplicative of the relief sought in this matter and, therefore, dismissed that case. 
[3] See In re Oklahoma Turnpike Authority, 1950 OK 208, 221 P.2d 795 (finding that the Authority's enabling act was not a special law, did not violate the single subject rule, was not enacted in excess of the Legislature's constitutional authority, and that any bonds issued by the Authority were not obligations of the State); Application of Oklahoma Turnpike Authority, 1952 OK 247, 246 P.2d 327 (approving supplemental bond and determining when bonds can be sold at less than par); Applications of Oklahoma Turnpike Authority, 1954 OK 341, 277 P.2d 176 (approving bonds which combine one or more projects); Application of Oklahoma Turnpike Authority, 1960 OK 1, 348 P.2d 510 (determining validity of trust fund and its pledge to turnpike revenue bonds); Application of Oklahoma Turnpike Authority, 1961 OK 15, 359 P.2d 680 (approved financing of two projects under single structure); Application of Oklahoma Turnpike Authority, 1961 OK 212, 365 P.2d 345 (approving bond issuance and allocation of trust fund revenues); Application of Oklahoma Turnpike Authority, 1963 OK 234, 386 P.2d 165 (validating the bonds and approving several issues relating thereto); Application of Oklahoma Turnpike Authority, 1966 OK 139, 416 P.2d 860 (new money and refundings authorized in one issuance); Application of Oklahoma Turnpike Authority, 1969 OK 176, 460 P.2d 952 (approving Cimarron Turnpike and validating revenue fund apportionments and reiterating that debts are not the obligation of the State); Application of Oklahoma Turnpike Authority, 1989 OK 21, 770 P.2d 16 (finding bonds properly issued).
[4] The four turnpikes referenced in paragraph (f) of 69 O.S.2011, § 1705 refer to:
(10) A turnpike or any part or parts thereof beginning in the vicinity of Duncan extending east to the vicinity of the City of Davis, and extending in a northeasterly direction, by way of the vicinity of the City of Ada, to a connection in the vicinity of Henryetta or in the vicinity of the intersection of State Highway 48 and Interstate 40; and a turnpike or any part or parts thereof from the vicinity of Snyder extending north to the vicinity of Woodward.
(20) All or any part of an Oklahoma City Outer Loop expressway system beginning in the vicinity of I-35 and the Turner Turnpike and extending west into Canadian County and then south to I-40; and then south and east to I-35 in the vicinity of Moore and Norman; and then extending east and north to I-40 east of Tinker Field; and then extending north to the Turner Turnpike to complete the Outer Loop.
(21) All or any part of the Tulsa south bypass expressway system beginning in the vicinity of the Turner Turnpike near Sapulpa and extending south and east to U.S. 75 in the vicinity of 96th Street to 121st Street; and then east across the Arkansas River to a connection with the Mingo Valley Expressway; and then south and/or east to a point on the Tulsa-Wagoner County Line near 131st street south in the city of Broken Arrow.
(22) A new turnpike or any part thereof from near the west gate of the Will Rogers Turnpike south to the west end of south Tulsa Turnpike at the Tulsa-Wagoner County Line.
69 O.S.2011, § 1705 (e).
[5] Art. 5, § 57 of the Oklahoma Constitution provides: "Every act of the Legislature shall express but one subject, which shall be clearly expressed in its title. . . ." This provision is more commonly known as the "single subject rule." 
[6] Title 20 O.S.2011, § 14.1 provides that this Court shall fix the time for rehearing. Rehearing shall follow Okla.Sup.Ct.R.1.13.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 21, 770 P.2d 16, 60 OBJ 312, Oklahoma Turnpike Authority, Application of
Discussed at Length
 1952 OK 247, 246 P.2d 327, 206 Okla 617, APPLICATION OF OKLAHOMA TURNPIKE AUTHORITY
Discussed
 2001 OK 39, 24 P.3d 846, 72 OBJ 1479, S. W. v. DUNCAN
Discussed
 1954 OK 341, 277 P.2d 176, APPLICATIONS OF OKLAHOMA TURNPIKE AUTHORITY
Discussed
 1960 OK 1, 348 P.2d 510, APPLICATION OF OKLAHOMA TURNPIKE AUTHORITY
Discussed
 1961 OK 15, 359 P.2d 680, APPLICATION OF OKLAHOMA TURNPIKE AUTHORITY
Discussed at Length
 1961 OK 212, 365 P.2d 345, APPLICATION OF OKLAHOMA TURNPIKE AUTHORITY
Discussed
 1963 OK 234, 386 P.2d 165, APPLICATION OF OKLAHOMA TURNPIKE AUTHORITY
Discussed
 1966 OK 139, 416 P.2d 860, APPLICATION OF OKLAHOMA TURNPIKE AUTHORITY
Discussed at Length
 1969 OK 176, 460 P.2d 952, APPLICATION OF OKLAHOMA TURNPIKE AUTHORITY
Discussed
 2009 OK 15, 214 P.3d 799, FENT v. STATE ex rel. OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY
Discussed
 1950 OK 208, 221 P.2d 795, 203 Okla. 335, In re OKLAHOMA TURNPIKE AUTH.
Discussed
Title 20. Courts
 Cite
Name
Level

 20 O.S. 14.1, Application for Evidences of Indebtedness
Cited
Title 69. Roads, Bridges, and Ferries
 Cite
Name
Level

 69 O.S. 1701, Purpose - Authority to Construct, Maintain, Repair and Operate Projects
Discussed
 69 O.S. 1705, Authority - Powers and Duties
Discussed at Length
 69 O.S. 1709, Turnpike Revenue Bonds
Discussed
 69 O.S. 1718, Judicial Determination of Validity of Bonds
Discussed at Length